# Franchinia et al. *v.* Palumbo, Appellant.

*Hotel—Innkeepers — Responsibility for stolen goods — Articles left in room—Act of June 12, 1913, P. L. 481.*

An innkeeper, as to articles properly retained by guests in their rooms, is practically in the position of an insurer while the guest remains in his house. The Act of June 12, 1913, P. L. 481, does not change the responsibility of the innkeeper with respect to articles of clothing and wearing apparel left in a room assigned to a guest.

In an action to recover damages for the loss of clothing which was stolen from a room in a hotel, during the absence of the registered guest, a verdict for the plaintiff will be sustained, where the

evidence established that the lock of room door had been broken and the articles taken from the room.

Argued October 11, 1921.   Appeals, Nos. 64 and 65, Oct. T., 1921, by defendant, from judgment of the Municipal Court of Philadelphia, Feb. T., 1919, Nos. 289 and 290, in favor of plaintiffs in cases tried by the court without a jury in suits of Antonio Franchinia and Dinoto D. Battiso v. Frank Palumbo.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit to recover the value of wearing apparel stolen from the plaintiffs while guests at a hotel.   Before MACNEILLE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Antonio Franchinia, for $130.75, and for plaintiff Dinoto D. Battiso for $59.87, and judgment thereon.   Defendants appealed.

*Error assigned,* among others, was the judgment of the court.

*August B. Repetto,* of *Repetto & Gandolfo,* for appellant.—The mere theft of the goods did not establish the negligence of the defendant: Kent Comm., vol. 2, *566; Bank v. Smith & Randolph, 2 Brewst. 9.

*I. G. Gordon Foster,* of *Evans, Foster & Wernick,* for appellees.—The defendant was responsible for the loss of the goods: Kleckner v. Hotel Strand, 60 Pa. Superior Ct. 617; Doyle v. Central R. R. Co., 45 Pa. Superior Ct. 216; Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297; Logan v. Matthews, 6 Pa. 417; Mason v. Thompson, 9 Pick. (Mass.) 280.

OPINION BY ORLADY, P. J., April 17, 1922:

The plaintiffs brought separate actions of assumpsit against the defendant to recover the value of certain items of wearing apparel, left by them in their room at the Palumbo Hotel, Philadelphia, which was conducted by the defendant as an inn or hotel. The plaintiffs were regularly registered guests, and occupied the same room, and as the loss of their property occurred at the same time and under the same circumstances, both cases were tried together before a judge of the municipal court, each of the parties having waived a trial by jury.

In the Franchinia case, the court fixed the value of the goods, with interest, at $130.75.

In the Battiso case, the value was fixed at $59.87.

In each case, there was a motion for judgment non obstante veredicto, which was refused. The facts are not in dispute. The plaintiffs appeared on the 25th of December, 1918, and after registering, were assigned to room number 5, in the hotel, which they occupied jointly for the night, and in the morning locked their room, and left for the day to secure work.

When they returned in the evening, the wearing apparel which was described and valued on the trial, was missing. Prompt notice was given to the hotel management when it was discovered that their room had been forcibly entered, the lock broken, and certain of their property remaining in the room scattered around the room. Some wearing apparel belonging to other parties was found in the room. There was one window in the room, secured by a latch or catch, which had not been disturbed. There was no transom over the door. When they left in the morning, their door was securely locked and they retained the key. While there was some controversy in regard to whether or not a notice of any kind was posted in the room, or on the door about the hotel relating to the placing of valuables or property in the office, or a safe, the court found as a fact on sufficient

evidence that no such notice was placed in the room or given to the plaintiffs.

The Act of June 12, 1913, P. L. 481, defines the rights and liabilities of hotel keepers and inn keepers, and requires certain clearly defined things to be done to relieve the innkeeper of liability in such cases.

The sections affecting this case are the second, third and fourth, the principal of which is the requirement in section 3, that "no hotel proprietor or innkeeper shall be liable for the loss of or injury to such baggage or other articles of property unless the same shall have been actually delivered by such guest to such hotel proprietor or innkeeper, or to his servants, for safekeeping, or unless such loss or injury shall have occurred from the negligence of such hotel proprietor or inn-keeper, or by his servants or employees in such hotel."

Section 4 provides that the liability of such keeper of an inn or hotel, for loss of or injury to personal property, placed by his guest under his care, shall be that of a depository for hire, except that in case such loss or injury is caused by fire not intentionally produced by the hotel proprietor or innkeeper, or servants, such hotel proprietor or innkeeper shall not be liable; and limits the amount of the liability.

In this case, the guests were assigned to a room for occupancy as such. They were furnished a key to enable them to enter and leave. While absent from the room it was not under their exclusive control, as the management of the hotel provided for the care of the room, in the absence of guests, by the entry of servants.

The guests had the reasonable right to expect that their room would be protected from unlawful intrusion or thefts. The property left by them was not such as they were required by law to deliver to the office or safe for keeping.

There was no written understanding between the innkeeper and the guests as to the custody or care of the property left in the room, nor was any required.

The innkeeper called to his assistance the police agents to discover the theft without avail. It is not determined, or was it material, whether the room was broken into by an employee of the innkeeper or by a stranger.

The protection to be furnished to the guest is clearly determined by many decisions. It is not necessary to cite further than to refer to Schultz v. Wall, 134 Pa. 262.

The innkeeper, as to articles properly retained by guests in their room, is practically in the position of an insurer while the guest remains in his house: Turner v. Stafford et al., 9 Pa. Superior Ct. 83.

The Act of 1913 does not change the responsibility of an innkeeper with respect to goods left in rooms assigned to guests, such as was shown in this case.

The responsibility of an innkeeper, under the Act of 1855, was clearly defined to be as at common law, and where there was a loss of goods belonging to guests, the innkeeper was liable no matter how vigilant he was.

In the case before us, the relation was undisputed.

The guests were accepted as such, assigned to a room from which their property as guests was taken without any fault or neglect of duty of theirs.

The innkeeper assumed the responsibility of the care of this property, and the finding of the municipal court was clearly warranted under the ascertained facts of the case.

The suggestion of the unconstitutionality of the Act of 1913 was not raised in the court below and is not presented here in such a way as to merit consideration.

The suggested error in the amount of the first finding of value in the municipal court was corrected by the supplemental order made.

The assignments of error are overruled and the judgments are affirmed.