Brookville Borough *v*. Public Service Commission.

Appeal of Solar Electric Co. et al.

Argued March 14, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*David I. McCahill,* with him *Raymond E. Brown,* for appellant.

*W. N. Conrad,* for appellee.

PER CURIAM, April 11, 1932:

The Solar Electric Company, a corporation organized for the purpose of supplying electric light, heat and power to the public in Brookville, Jefferson County, and the Pennsylvania Electric Company, furnishing similar service in Jefferson County and fifteen neighboring counties, petitioned the public service commission for approval of the sale of the former, including its property of all kinds, to the latter, alleging that, because of the inadequacy of the Solar Company's equipment and the fact that it was obliged to purchase current from the Pennsylvania Electric Company to supply its needs, the sale would enable the service to be furnished more economically. After hearing, a certificate of public convenience permitting the transfer was issued by the commission. The Borough of Brookville opposed the sale and appealed to the Superior Court, which reversed the public service commission's order and remitted the record for further proceedings. The order of the Superior Court directed that the fair value of the property be determined and that the rate case brought by the residents of the Borough of Brookville against the Solar Electric

Company, which was and still is pending before the commission, be disposed of before final action upon the application for the absorption of the Solar Electric Company by the larger corporation. Appellants contend this proceeding is not a rate case and that the question of rates should not now be considered. We, however, are in accord with the Superior Court in its opinion that "Not only the rights of the immediate parties to this sale are involved, but the public's interest is to be protected, and it may be detrimentally affected if an excessive consideration is paid. The purchaser is assuming the debts of the Solar Electric Company but the record is silent whether the price is fair or exorbitant. The debts may be utterly disproportionate to the value of the property. It is not unreasonable to conclude that the amount of the investment will call for a corresponding return in dividends and it may fairly be assumed that their payment would fall finally on the consumers in the borough. Whether the consideration is commensurate with the fair value of the property is, therefore, an essential fact which should have been found and not ignored. It makes no difference whether this consideration is in the form of cash, securities, or an assumption of the company's obligations. Evidence should have been offered to show the value of the property and that fact determined before the approval of its sale."

Although the public service commission, in approving the merger, stipulated that it should not be bound by approval of the sale to accept "the amounts stated in the record of the instant proceedings as the value and/or costs of the plant and works and other property of the Solar Electric Company," the Superior Court correctly states that all questions affecting the value were proper subjects of inquiry in the proceeding, which the commission should not have refused to find; and that, as a practical matter, the rate case should be determined before the merger takes place, there being no assurance that accounts would be kept afterward which "would

reflect the earnings and disbursements of......the Solar Electric Company, distinct from the gross earnings and disbursements of the Pennsylvania Electric Company." Judge BALDRIGE points out that "the parties affected by this litigation, which has run through a series of proceedings, have already had a heavy financial load to carry [which] ought not to be made more burdensome." So far as appears, disposition of the merger case before the rate case would result in making it more difficult to arrive at the true facts in the rate case, and the actual result of insisting on such a procedure would be to obstruct justice.

The order of the Superior Court is affirmed.