Kelly *v.* Milner Hotels, Inc., Appellant.

Argued March 1, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*James E. O'Brien,* with him *Robert E. O'Brien* and *Fitzgerald, Kennedy, Eckersley & O'Brien,* for appellant.

*Carlon M. O'Malley* and *John W. Bour,* for appellees.

*Eugene Nogi*, with him *Sidney Z. Levy*, for appellees.

OPINION BY GUNTHER, J., July 13, 1954:

The plaintiffs were guests in a Scranton hotel which was totally destroyed by fire. The plaintiffs sued for the loss of their clothing and personal effects left in their rooms. They won verdicts and the court below denied motions for new trial and judgment n.o.v., holding that a hotel is a virtual insurer. The nub of the issue here is the interpretation to be given to the Act of 1913, 37 PS §§61-64. The court below held that this Act does not apply to property in the room of a hotel guest, citing *Franchinia v. Palumbo*, 79 Pa. Superior Ct. 234. The case does so hold, but that was an action to recover damages for the loss of clothing which was stolen from a room in a hotel, during the absence of the registered guests. The evidence established that the lock of the door had been broken and the articles taken from the room. A verdict for the plaintiff was sustained.

Examination of the Act of 1913 reveals that it is composed of four sections. Section one limits the liability of an innkeeper with respect to money, jewelry and like valuables. Section two permits written agreements as to liability. The third section refers to baggage or other articles of property delivered for safekeeping "elsewhere than in the room assigned to such guest." Section four then refers to personal property "other than that described in the preceding sections," and limits liability with respect thereto to specified amounts, except that in case of fire "not intentionally produced"; there shall be no liability. The only reasonable conclusion is that section 4 refers to property left in a guest's room; otherwise it is meaningless.

There was no proof that this fire was other than accidental.

The common law made an innkeeper a virtual insurer of all property of his guests. Since this Act is in derogation of common law, it should be strictly construed. However, we cannot see how any meaning can be given to section four by the construction of the court below. The decision of the lower court must be reversed, otherwise a hotel guest will be in the strange position of having full protection for articles left in his room, and less than that if he checks them with the proprietor. Such a result surely was not intended. We, therefore, are of the opinion that section four of the Act does apply.

Judgment reversed.