Sherwood *v.* Elgart, Appellant.

Argued September 30, 1954; reargued May 2, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Earl G. Harrison,* with him *S. C. Nissenbaum, Herbert A. Barton, Lynn L. Detweiler, Swartz, Campbell & Henry, Nissenbaum & Maurer* and *Schnader, Harrison, Segal & Lewis,* for appellants.

*Abram P. Piwosky, Harvey Levin* and *Richard E. McDevitt,* with them *Piwosky & Levin,* and *Montgomery, McCracken, Walker & Rhoads,* for appellees.

OPINION BY MR. JUSTICE BELL, June 27, 1955:

These are appeals from final judgments entered on findings of the lower Court awarding compensatory and punitive damages to the five plaintiffs in varying amounts.

In the early morning of February 29, 1952 a fire destroyed the Clinton Hotel in Philadelphia. Plaintiffs, guests residing at the Hotel at the time of the fire, instituted these trespass actions to recover the

value of personal property *located in their rooms* and allegedly destroyed by the fire. The complaints charged various acts of negligence. The defendants, who were sued as owners and operators of the Hotel, denied liability.

The trial Judge, sitting without a jury, found, inter alia, that two of the defendants, namely, Samuel Elgart and Clinton Management, Inc., were negligent and that such negligence was the proximate cause of the fire; and concluded that the Act of June 12, 1913, P. L. 481, 37 PS §61 et seq., did not preclude a recovery for such losses. Each defendant seeks a judgment non obstante veredicto.

The case turns on the interpretation of the Act of 1913. Under Section 1 an innkeeper who provides (specified) safe deposit facilities for the custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers, and bullion, and posts copies of the section in ten conspicuous places in the hotel shall not be liable for the loss of such valuables unless the innkeeper has refused to accept them from the guests for safe deposit and to give a receipt therefor. The section also limits the innkeeper's liability for the enumerated classes of property to $300., even if he receives them for safekeeping.

Section 2 permits an innkeeper to make any special arrangements in writing with his guests covering any property received "for deposit in such safe or vault", but provides he may not relieve himself of liability for any loss of the above-enumerated articles where loss results from his own theft or negligence or that of his servants.

Section 3 imposes a duty on guests to demand a receipt *upon delivering to the proprietor* or his servants

any baggage or other articles of property *"for safekeeping (elsewhere than in the room assigned to such guest)."** It provides that the innkeeper shall not be liable for the loss of or injury to property unless *actually delivered* to him or his servants. It does, however, impose liability on the innkeeper for loss or injury occasioned by his negligence or that of his servants or employees. The provisions as to negligence contained in these sections are strikingly different from the provisions in Section 4.

Section 4 in pertinent part reads as follows: "The liability of the keeper of any inn or hotel, whether individual, partnership, or corporation, for loss of or injury to personal property placed by his guest *under his care,* other than that described in the preceding sections, shall be that of a depository for hire, *except that in case such loss or injury is caused by fire, not intentionally produced* by the hotel proprietor or innkeeper or his servants, *such hotel proprietor or innkeeper shall not be liable: . . ."*

Section 1 obviously has no application to the instant case for the reason that plaintiffs' claims do not include any of the enumerated classes of property, i.e., money, bank notes, jewelry, etc., which were delivered to the proprietor to be placed in his safe deposit box or vault. Section 2 is likewise inapplicable since there was no special arrangement in writing covering property received "for deposit in such safe or vault". Section 3 is likewise inapplicable inasmuch as the property for which claims are now being made was admittedly located in the plaintiffs' rooms at the time of the fire, and not delivered to the proprietor "for safekeeping (elsewhere than in the room assigned to such guest)."

---

* Italics throughout, ours.

We therefore come to the 4th Section and the question it poses, viz., whether property left in a guest's room constitutes, as appellants contend, property placed "under his [innkeeper's] care." Considering this section together with the three prior sections of the Act, we are convinced that the language can have no other meaning. This was likewise the conclusion reached by the Superior Court in *Kelly v. Milner Hotels, Inc.,* 176 Pa. Superior Ct. 316, 106 A. 2d 636. In the *Kelly* case the Superior Court pointed out that if Section 4 did not refer to property left in a guest's room the Section would be meaningless. To fail to give effect to all of the provisions of a statute or to give them an unreasonable or absurd construction would violate the fundamental rules of statutory interpretation: *Sterling v. Philadelphia,* 378 Pa. 538, 541, 106 A. 2d 793; *American Brake Shoe Co. v. District Lodge 9 of the International Association of Machinists,* 373 Pa. 164, 172, 94 A. 2d 884; Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §§51, 52; 46 PS §§551, 552.

Section 4 as thus construed is not as harsh as at first blush appears. The first three sections of the Act protect a guest by providing for the safekeeping by the innkeeper of money, jewelry, and other valuables received for deposit in a safe or vault, and of baggage and other articles of *property "(elsewhere than in the room assigned to such guest)."*

The legislature, whether wisely or unwisely, clearly exempted a hotel proprietor for loss of personal property which is kept in a guest's room and is destroyed by an "unintentional" fire, perhaps on the theory that the loss to the hotel keeper from such a fire was sufficient punishment.

In a supplemental brief filed prior to the reargument of these appeals, the appellees contend for the

first time that the Act of 1913 is unconstitutional in that it violates Article I, §11, and Article III, §21 of the Constitution. Appellants contend this question cannot now be raised because of the general rule laid down in *Montgomery C. Bar Assn. v. Rinalducci,* 329 Pa. 296, 298, 197 A. 924 and *Smith v. Yellow Cab Co.,* 288 Pa. 85, 135 A. 858: ". . . Matters not raised in, or considered by, the court below cannot be invoked on appeal even though they involve constitutional questions." That is not applicable because it applies only to appellants. The rule here applicable is that a correct decision will be sustained if it can be sustained for any reason whatsoever; in other words we will not reverse in such a case even though the reason given by the Court below to sustain its decision was erroneous: *Derry Council, No. 40 v. State Council,* 197 Pa. 413, 420; *Com. to use v. Wing,* 253 Pa. 226, 230; *Corgan v. Geo. F. Lee Coal Co.,* 218 Pa. 386, 392; *Brew v. Hastings,* 206 Pa. 155, 162; 2 R. C. L. 189; *State H. for C. I. v. Consolidated W. S. Co.,* 267 Pa. 29, 39. It follows that the appellees may properly contend at this time that the Act of 1913 is unconstitutional. However, after considering appellees' contention we find it to be without merit.

We have examined all the other contentions made by the appellants and appellees but deem further discussion unnecessary.

Judgments reversed, and here entered for the respective defendants non obstante veredicto.

Mr. Justice JONES and Mr. Justice CHIDSEY dissent.