## Stollar et al., Appellants, *v.* Continental Can Company, Inc.

Argued November 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*George B. Stegenga,* for appellant.

*Charles C. Hewitt,* with him *James B. Hecht, Barron P. McCune,* and *Thorp, Reed & Armstrong,* and *McCune & Greenlee,* for appellee.

OPINION PER CURIAM, December 14, 1961:
The orders of the Court of Common Pleas of Washington County are affirmed on the opinion of Judge DAVID H. WEINER for the court below, reported at 23 Pa. D. & C. 2d 463.

---

DISSENTING OPINION BY MONTGOMERY, J.:
The court below, in its opinion, sustained a preliminary objection in the nature of a demurrer and entered judgment in favor of the defendant employer; and gave as its reasons therefor the fact that the plaintiffs, being members of the Glass Bottle Blowers Association of the United States and Canada, through collective bargaining entered into a contract with the defendant employer and thereby waived their claims and rights under the Act of July 7, 1947, P. L. 1401, §§1-7, 43 P.S. 335.1 et seq.

The purpose of this Act as set forth in its title is to prohibit discrimination in rate of pay because of sex. In section 4(a) of the Act, it is specifically provided that any agreement between the employer and an employe to work for less than the wage to which such employe is entitled under this Act shall be no defense to such action.

Section 4(c) of the Act reads as follows:
"Any employee may directly or through his attorney, agent or collective bargaining representative

waive, compromise, adjust, settle or release any claim which such employee may have under this act, either before or after commencement of suit thereon, and a waiver, compromise adjustment, settlement or release of any such claim by such employee or his attorney, agent or collective bargaining representative shall be a complete satisfaction of such claim and a complete bar to any action based on such claim."

The court below construed section 4(c) to mean that any time that a collective bargaining agreement is in effect between the employes and the employer, which agreement provides a wage differential based on sex, that this must of necessity constitute a waiver within the meaning of section 4(c). Such a construction creates an inconsistency between sections 4(a) and 4(c).

The Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. IV, §51, 46 P.S. 551, states in part:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions. . . ."

To fail to give effect to all of the provisions of a statute or to give them an unreasonable or absurd construction violates the fundamental rules of statutory interpretation. *Sherwood v. Elgart*, 383 Pa. 110, 117 A. 2d 899. The legislature may be assumed to have intended the entire statute to be effective and certain. Every law must be construed, if possible, to give effect to all of its provisions. *Sterling v. Philadelphia*, 378 Pa. 538, 106 A. 2d 793; *Lemoyne Borough Annexation Case*, 176 Pa. Superior Ct. 38, 107 A. 2d 149.

Here consistent meaning can be given to both sections. The lower court assumes that the contract between the defendant employer and the members of the union is a waiver ab initio of the provision of the stat-

ute and that such waiver is a defense to any action as provided in section 4(c). However, the waiver referred to by the legislature must be construed to mean the waiver of a claim arising under the agreement. The agreement itself is the basis of liability of the employer to the employe, as it is in direct violation of the statute and as stated by the legislature it cannot of itself constitute a defense.

Under section 4(c) the legislature has provided that after a claim has arisen under the Act, an employe or his representative can then waive or settle such claim and this subsequent agreement of waiver or settlement between the employer and the employe would be a bar to further claim or litigation.

Consequently the provisions of the Act are not in conflict and the lower court erred in its conclusion that section 4(a) must yield to section 4(c), thereby in effect abrogating the plainly stated intention of the legislature. To hold otherwise would render the entire Act ineffectual in that the employer and the employe or his representative could bargain away the statutory prohibition of discrimination because of sex.

It is my opinion that the lower court erred in its construction of the statute and should be reversed. Therefore I respectfully dissent from the majority of this Court in affirming its decision.

FLOOD, J., joins in this dissent.