## Stollar, Appellant, *v.* Continental Can Company.

Argued March 13, 1962.   Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen and O'Brien, JJ.

*George B. Stegenga,* for appellant.

*Charles C. Hewitt,* with him *James B. Hecht, Bar-
ron P. McCune,* and *Thorp, Reed & Armstrong,* and
*McCune and Greenlee,* for appellee.

Opinion by Mr. Justice Eagen, April 17, 1962:

In these actions of assumpsit, the plaintiffs, female
employees of the defendant-corporation, seek addition-
al compensation allegedly due for work performed in
the course of their employment.   The court of common
pleas sustained preliminary objections to the complaints
in the nature of a demurrer and entered judgments for
the defendant.   On appeal, the Superior Court affirmed.
We granted allocatur.

For the purpose of this decision, all well pleaded
facts in the complaints must be accepted as true;

*Wilkes-Barre Township School District v. Corgan,* 403 Pa. 383, 170 A. 2d 97 (1961).

Plaintiffs plead that they performed the same kind of work as certain male employees of the defendant-corporation; that there was no variation in the work performed based on, seniority, experience, training, skill or ability, difference in duties or the nature of the work hours or shifts worked; that they were paid less wages than the male employees *only* because they are of a different sex.

This action was instituted under the provisions of the Act of July 7, 1947, P. L. 1401, 43 PS §335.1 et seq.[1] Plaintiffs' right to recover hinges upon the correct interpretation of that statute.

Section 2 thereof provides as follows: "No employer shall discriminate in any way in the payment of wages or salaries in any occupation as between the sexes, or pay any female in his employ in any occupation, salary or wage rates less than the rates paid to male employees for comparable work. Provided, however, That nothing herein contained shall prohibit a variation in salary or wage rates based upon either difference in seniority, experience, training, skill or ability, or difference in duties and services performed, or difference in the shift or time of the day worked, or any other reasonable differentiation except difference in sex."

Section 4 provides, inter alia, the following: "(a) An employer who violates the provisions of section two of this Act shall be liable to the employee or employees affected in the amount of their unpaid wages. Action to recover such wages may be maintained in any court of competent jurisdiction by any one or more employees. *Any agreement between the employer and an employee to work for less than the wage to which such*

---

[1] This act was superseded by the Act of December 17, 1959, P. L. 1913, 43 PS §336.1 et seq. Since the claim involved is for work performed before the passage of this new act, it is not pertinent.

*employee is entitled under this act shall be no defense to such action.*[2]  The court in such action shall in addition to any wages and damages, allow a reasonable attorney's fee and costs of the action to the plaintiff. At the request of any employee, paid less than the wage to which she is entitled under this act, the Secretary of Labor and Industry may take an assignment of such wage claim for collection and shall bring any legal action necessary to collect such claim.  The Secretary shall not be required to pay the filing fee or other costs in connection with such action.

. . .

"(c) Any employee may directly or through his attorney, agent or collective bargaining representative waive, compromise, adjust, settle or release any claim which such employee may have under this act, either before or after commencement of suit thereon, and a waiver, compromise adjustment, settlement or release of any such claim by such employee or his attorney, agent or collective bargaining representative shall be a complete satisfaction of such claim and a complete bar to any action based on such claim."

The plaintiffs are members of the Glass Bottle Blowers Association of the United States and Canada, and this association, as the employees' bargaining agent, entered into a contract with the defendant which fixed the wage scales.  This contract, in effect, provided that the female employees were to receive less wages than the male employees despite the fact that both classes performed the same kind of work during the same hours.

The lower courts concluded that, while the variation in the wage scale was illegal, the bargaining contract constituted a waiver of the plaintiffs' claims under Section 4(c) of the Act of 1947, supra.  With this, we cannot agree.

---

[2] Emphasis supplied.

Sections 4(a) and 4(c) of the statute are separate and distinct. They apply to entirely different situations and are not inconsistent. The primary purpose of the act is to prevent discrimination in wage rates merely because of sex. Section 4(a) specifically states that "Any agreement between the employer and an employee to work for less than the wage to which such employee is entitled . . . shall be no defense to such action." This provision was undoubtedly inserted with deliberate purpose and must be given effect.

We approve and adopt the following from the dissenting opinion of Judge MONTGOMERY of the Superior Court.

"The Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. IV, §51, 46 PS 551, states in part: 'The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions. . . .'

"To fail to give effect to all of the provisions of a statute or to give them an unreasonable or absurd construction violates the fundamental rules of statutory interpretation. Sherwood v. Elgart, 383 Pa. 110, 117 A. 2d 899. The legislature may be assumed to have intended the entire statute to be effective and certain. Every law must be construed, if possible, to give effect to all of its provisions. Sterling v. Philadelphia, 378 Pa. 538, 106 A. 2d 793; Lemoyne Borough Annexation Case, 176 Pa. Superior Ct. 38, 107 A. 2d 149.

"Here consistent meaning can be given to both sections. The lower court assumes that the contract between the defendant employer and the members of the union is a waiver ab initio of the provision of the statute and that such waiver is a defense to any action as provided in section 4(c). However, the waiver referred to by the legislature must be construed to mean the waiver of a claim arising under the agreement. The

agreement itself is the basis of liability of the employer to the employe, as it is in direct violation of the statute and as stated by the legislature it cannot of itself constitute a defense.

"Under section 4(c) the legislature has provided that after a claim has arisen under the Act, an employe or his representative can then waive or settle such claim and this subsequent agreement of waiver or settlement between the employer and the employe would be a bar to further claim or litigation.

"Consequently the provisions of the Act are not in conflict and the lower court erred in its conclusion that section 4(a) must yield to section 4(c), thereby in effect abrogating the plainly stated intention of the legislature. To hold otherwise would render the entire Act ineffectual in that the employer and the employe or his representative could bargain away the statutory prohibition of discrimination because of sex."

The further contention of the defendant-corporation that these actions are barred because the Pennsylvania Statute involved is superseded by federal law is without merit.

The order of the Superior Court affirming the judgments of the court of common pleas is reversed with a procedendo.