## Gribble v. Miller et al. Councilmen of Munhall Borough.

Argued October 21, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Harold Gondelman,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellant.

*Donald J. Lee,* with him *Dougherty, Larrimer & Lee,* for appellees.

OPINION BY JUDGE ROGERS, December 17, 1971:

This is an appeal by a plaintiff from an order of the Court of Common Pleas of Allegheny County granting defendants' motion for judgment on the pleadings.

On May 12, 1967, appellant Frank E. Gribble, for himself and assertedly in behalf of other taxpayers and certain civic associations of the Borough of Munhall, brought this action in *assumpsit* against the appellees, members of the Borough Council of Munhall. The complaint recites purchases of goods and services by the

Borough authorized by vote of the defendants which allegedly violated a provision of the Borough Code declaring unlawful the evasion of advertising requirements by dividing a single transaction into a series of purchases and contracts. It seeks judgment against the defendants and in favor of the Borough.

We have first before us appellees' motion to dismiss the appeal on the ground that the appellant lacked standing to appeal because he was not a resident or taxpayer of the Borough of Munhall when the appeal was taken and because the appellant had not authorized the appeal and did not desire that it should continue. The motion, itself unverified, is supported by two affidavits. One is of the Borough tax collector who states that *his records* show that Mr. Gribble has not resided in the Borough since the year 1969 and the other is of Mr. Gribble's brother-in-law, the Borough's Chief of Police, who deposes that Mr. Gribble told him on or about April 15, 1971, that he, Gribble, did not desire the appeal to be taken. Assuming that the appellant's removal from the Borough would affect his standing to appeal, we cannot accept the tax collector's records as proof of nonresidence. The Police Chief's affidavit, in addition to being unacceptable as hearsay, refers to a conversation which occurred after April 5, 1971, the date on which this appeal was taken. The motion to dismiss the appeal is, therefore, denied.

The sections of The Borough Code, Act of Feb. 1, 1966, P. L. (1965)    , No. 581, upon which the appellant relied for relief are:

Section 1402, 53 P.S. §46402: "(a) All contracts or purchases in excess of one thousand dollars ($1,-000)[1], except those hereinafter mentioned, shall not be

---

[1] Both Sections 1402 and 1403 were amended by the Act of Oct. 9, 1967, P. L. 380, §19, to describe the subject contracts as those in excess of fifteen hundred dollars. The complaint here, however, concerns alleged violations occurring in the years 1964, 1965 and 1966.

made except with and from the lowest responsible bidder after due notice in one newspaper of general circulation in the borough. . . ." and Section 1403, 53 P.S. §46403: "No member or members of the council shall evade the provisions of §1402 hereof as to advertising for bids, by purchasing or contracting for services and personal properties piecemeal for the purpose of obtaining prices under one thousand dollars ($1,000) upon transactions, which transactions should, in the exercise of reasonable discretion and prudence, be conducted as one transaction amounting to more than one thousand dollars ($1,000). This provision is intended to make unlawful the evading of advertising requirements by making a series of purchases or contracts, each for less than the advertising requirement price, or by making several simultaneous purchases or contracts, each below said price, when, in either case, the transactions involved should have been made as one transaction for one price. Any members of council who so vote in violation of this provision and who know that the transaction upon which they so vote is or ought to be part of a larger transaction and that it is being divided in order to evade the requirement as to advertising for bids, shall be jointly and severally subject to surcharge for ten percent of the full amount of the contract or purchase. . . ."

The court below granted defendants' motion for judgment in their favor because it concluded that the exclusive remedy for surcharge of public officers was by appeal from the report of the borough auditors as provided by the Borough Code and that this suit having been commenced more than forty days from the date of filing the reports of the auditors as required by the Code,[2] was barred by limitation. We agree.

---

[2] Counsel for appellant agreed at argument that this suit was brought after 40 days from the filing of the auditor's report of

524

It is first noted that the stricture imposed on Council members by §1403 of the Borough Code for the evasion of §1402 is that of *surcharge*. Reading the Code as a whole and construing it so as to give effect to all its parts, as we are required to do,[3] we find that it contains a comprehensive scheme for annually auditing and settling the accounts of the borough and its officers. Section 1041, 53 P.S. §46041, requires the auditors to meet on the first Tuesday of January of each year; to audit, adjust, and settle the accounts of officers; to prepare an audit report covering its work; to surcharge officers against whom a balance appears or who have caused financial loss; and to file their report within ninety days after the close of the fiscal year. Section 1042, 53 P.S. §40042, requires the auditors to cancel paid vouchers. Section 1043, 53 P.S. §40043, requires public advertisement of a concise financial statement, including a record of expenditures and a statement of liabilities. Section 1044, 53 P.S. §46044, of particular importance here, permits appeal from the report by the borough, any taxpayer on behalf of the borough or any officer to the court of common pleas "not later than forty days from the date of the filing of the auditors' report with the clerk of the court of quarter sessions." Section 1045 to and including Section 1052, 53 P.S. §46045 through §46052, contain precise procedural details for the appeal, including provision for the filing of a bond with surety in the case of appeals by taxpayers and officers. In *Riehl v. Miller,* 319 Pa. 201, 178 A. 495 (1935), a taxpayer sought to surcharge the directors of the Allegheny County Home for alleged unlawful expenditures of money. There, as here, the accounts had been audited and not appealed from. By way of dicta,

---

the year 1966, during which the latest of the alleged violations were claimed to have occurred.

[3] *Stollar v. Continental Can Co.,* 407 Pa. 264, 180 A. 2d 71 (1962).

because the case went off on whether the directors had concealed their alleged misdeeds or mislead the county controller, the court wrote: "The rule that an auditor's or controller's report, unappealed from, is controlling . . . even though erroneous, is not questioned" (319 Pa. 204, 178 A. 496) and "The general rule is that, in the absence of fraud,[4] an audit is conclusive and can only be challenged as provided by the statute." (319 Pa. 207, 178 A. 497). In *Skelton v. Lower Merion Township,* 318 Pa. 356, 178 A. 387 (1935), a tax collector sued his township in assumpsit to recover commissions. The court below entered judgment for the defendant township upon its affidavit of defense. The Supreme Court affirmed, holding that the collector, having failed to submit his claim to the township auditors, was concluded by their report. The provisions of the General Township Law relating to audits were reviewed by the Court, which then wrote: "The purpose of the Legislature in compelling such accounting was to provide a simple, speedy and effective method for adjusting the fiscal matters of a municipality. The officer whose account is audited must settle and adjust his accounts as required by law. . . . The Legislature has created this special tribunal [the township auditors] giving it all the judicial powers necessary to determine the indebtedness from or to the officer. The decision of this tribunal is conclusive, and cannot be inquired into either by the same tribunal at another time or by a court of law except in the manner provided by statute." 318 Pa. 360, 178 A. 388. In *Senor v. Dunbar Township School District,* 307 Pa. 190, 160 A. 701 (1932), again an assumpsit action by a tax collector, a judgment for the plaintiff below was reversed on the ground that the record did not show whether the collector's accounts

---

[4] The instant complaint does not allege fraud and avers that the transactions here complained of were evidenced by invoices.

had been audited. The opinion concludes (307 Pa. 194, 160 A. 702): "If the accounts of the tax collector and of the school board have not been audited as required by law, this suit is premature; if they were audited, the conclusions reached are final, and this action, in apparent disregard of the results of the audit will not be." While the facts and the central issue before the court in *Turtle Creek Borough Audit,* 401 Pa. 201, 163 A. 2d 876 (1960), were dissimilar to those here, sweeping language employed by Mr. Chief Justice CHARLES ALVIN JONES supports the conclusion here reached: "It is too plain for argument that judicial review of a report of borough auditors can be had only by appeal to the court of common pleas pursuant to the provision of Section 1038 of The Borough Code of 1927. The statutory remedy so provided must be strictly pursued . . . and constitutes the exclusive remedy. [citing Riehl v. Miller, and Skelton v. Lower Merion Township, supra]. Consequently, the reports of auditors of municipal or other governmental subdivisions can be challenged only in the manner provided by statute."

Appellant's reliance on *Knapp v. Miller,* 34 D. & C. 2d 380, *affirmed per curiam,* 415 Pa. 575, 204 A. 2d 250 (1964) is misplaced. There taxpayers sought in equity to set aside an executory contract let without compliance with advertising requirements. Here the plaintiff seeks to open for review and judgment transactions openly carried out, subjected to audit and settlement, and not questioned in the manner or at the times provided by statute.

As noted, neither fraud nor concealment such as might justify an appeal nunc pro tunc, were here alleged. *See Lackawanna County's Appeal,* 296 Pa. 271, 145 A. 843 (1929).

Affirmed.