## Hornikel Appeal

*Ward F. Clark* of *Pratt, Clark, Gathright & Price,* for appellant.

*Edwin C. Angstadt, Jr.* of *Eastburn & Gray,* for zoning hearing board.

MOUNTENAY, J., August 9, 1972.—Appellant [1] owns and resides in a dwelling situate within an "R-1" residential zoning district in Doylestown Borough in

---

[1] Karl G. Hornikel died after the filing of the appeal from the action of the zoning hearing board, and his widow and surviving tenant by the entireties, Anna L. Hornikel, has been substituted of record. However, in the interest of clarity, Karl L. Hornikel will be referred to as appellant throughout the opinion as if he were living.

which district a 25-foot rear yard is required by section 302(5) of the zoning ordinance. Without first obtaining a zoning permit, appellant laid a 25-foot by 13-foot concrete terrace or patio adjacent to the rear of his dwelling house, which terrace encroached upon the 25-foot rear yard requirement by seven feet, thereby reducing the open space at the rear to 17 feet. Appellant then erected an aluminum-awning type roof over the terrace and began enclosing the sides with screening.

The borough zoning officer issued a cease and desist order, and appellant appealed the same to the zoning hearing board, at the same time requesting a variance. The board affirmed the action of the zoning officer and denied the variance. The present appeal followed.

The basic questions, of course, are whether a roofed and screened patio constitutes such a building or structure as to come within the provisions of the zoning ordinance generally and, if so, whether such a structure is excepted from the rear-yard requirements of the ordinance.

Appellant argues that the screened porch is neither a building nor a structure. It can hardly be denied that a covered patio or porch constitutes a part of a building. "Building" is defined in section 103(3) of the ordinance as "Any construction built or used for the support or shelter or enclosure of persons . . . " This is precisely the purpose for which the porch was erected. Indeed, appellant concedes that the porch constitutes some type of a building when he argues in a later section of his brief that the structure should be regarded as an accessory "building." Nowhere does the ordinance generally except porches or patios from its operation, nor does section 103(19)(c), defining rear yards, make any exception therefor. Section 103-(19)(c) reads as follows:

"Rear. The required open space, extending along the rear line of the lot throughout the full width of the lot, exclusive of overhanging eaves, gutters, cornices, and steps."

While appellant cites Lipshutz v. Lower Merion Township, 84 Montg. Co. L. R. 47 (1964), in support of his position, this decision is inapposite.

We must conclude, therefore, that porches do fall within the scope of the ordinance generally and within the scope of the rear-yard requirements specifically. Further, it is apparent that the porch in question encroaches upon the open space reserved for rear yards as defined in section 103(19)(c) and, accordingly, violates the rear-yard requirements of section 302(5).

Appellant next argues that the porch constitutes an accessory building and that, as such, falls within the provisions of section 1012 of the ordinance permitting certain accessory buildings to be located within the open space areas otherwise reserved for rear yards. An accessory building is defined in section 103-1 of the ordinance as "a building subordinate to the main building . . . and used for purposes customarily incidental to those of the main building."

Admittedly, the porch is subordinate to the dwelling, and, in a certain sense at least, a porch is certainly used for purposes incidental to those of a dwelling. However, is the porch an accessory building or does it merely constitute a part of the main building? The answer is apparently so obvious that neither the research of the parties nor that of the court has revealed any Pennsylvania cases on the subject. Appellant's contention, if followed, would lead us to the conclusion that any addition to a residence, whether it be a bedroom, bathroom or kitchen, so long as it is used for some purpose incidental to that of a dwelling, would be regarded as an accessory building. Such a construction

would produce an absurd result and the legislative intent should not be so construed: Get Set Organization v. Philadelphia Federation of Teachers, Local No. 3, 446 Pa. 174 (1971); Stollar v. Continental Can Co., 407 Pa. 264 (1962).

Therefore, we do not believe that a structure physically attached to the principal structure and intended for the same general use, as distinguished from a subordinate use, constitutes an accessory building.

Appellant finally asserts that he is entitled to a variance. Unnecessary hardship, of course, is a prerequisite to the grant of a variance: Pennsylvania Municipalities Planning Code of July 31, 1968 (No. 247), sec. 912, 53 PS §10912. Appellant urges as unnecessary hardship the fact that he and his wife are in their early seventies and would like to have a covered patio upon which to relax. He further urges that the location at which the structure has been built is the only "suitable" location for the same. It is well established that variances may be granted only where the property, not the person, is subjected to the hardship: Kline Zoning Case, 395 Pa. 122 (1959); Gold v. Zoning Board of Adjustment, 393 Pa. 401 (1958); Cohen v. Philadelphia Zoning Board of Adjustment, 3 Com. Ct. 50 (1971); Auman v. Zoning Board of Adjustment, 33 Leh. L. J. 25 (1968). The nature of the hardship which appellant and his wife will suffer is personal to them and is not unique or particular to the property.

In view of the foregoing we enter the following

ORDER

And now, this August 9, 1972, the within appeal is dismissed and the action of the Zoning Hearing Board of the Borough of Doylestown is hereby affirmed.