## Commonwealth v. Kearney

*Raymond J. Harley*, Assistant District Attorney, for Commonwealth.

*Barbara A. Brown*, for defendant.

RIBNER, J., March 26, 1974.—Defendant, Eugene Kearney, was tried on August 20 and 24, 1973, on two bills of indictment charging him respectively with unlawfully carrying a firearm, rifle or shotgun upon a public street and assault and battery upon a police officer.

The testimony reveals that on February 7, 1973, at about 8 p.m., defendant was apprehended by police officers on a street corner, carrying a loaded rifle and pointing it at other youths running in all directions. Defendant was subsequently taken to detective headquarters where he refused to give any information such as his name, address or age and stated to the detectives, "You ——————, if you didn't have a gun I would whip your ——————." Later in the interrogation room, defendant said a few more obscenities, threw a punch at a detective, threw a chair at the detective and engaged in a wrestling match. Demurrers on both indictments were overruled, defendant was found guilty and post trial motions were denied.

By his own admission at trial, defendant hurled a chair at the detective, who was actually struck in the chest by defendant's fist. In view of defendant's conduct at the time of arrest and at the detective headquarters, there is no doubt that he was guilty of an assault and battery upon the detective involved.

" 'An "assault" is an attempt, or offer, with force and violence, to do a corporal hurt to another' ": Commonwealth v. Moon, 151 Pa. Superior Ct. 555 (1943).

" 'The least touching of another's person wilfully or in an angry, revengeful, rude or insolent manner so as to render the act unlawful' " is a "battery": Commonwealth v. Gregory, 132 Pa. Superior Ct. 507 (1938); Act of June 24, 1939, P. L. 872, sec. 708, 18 PS §4708, as amended, by the Act of December 6, 1972, P. L. 1068, effective June 6, 1973.

With respect to the weapons charge, defendant contends that he did not commit any offense because the length of the barrel of the rifle was not under 15 inches and cites the case of Commonwealth v. Pope, 225 Pa. Superior Ct. 252 (1973), where the trial court's action in sustaining a demurrer where the facts were somewhat similar was upheld on appeal by the Superior Court by virtue of an equal division of opinion by the six judges who heard the appeal.

Prior to 1968, the Pennsylvania Uniform Firearms Act of June 24, 1939, P. L. 872, as amended, 18 PS §4628,* prohibited the carrying of a "firearm" in any vehicle or concealed on or about a person. A "firearm" was defined to mean "any pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches": Act of July 30, 1968, P. L. 690, 18 PS §4628, et seq. In 1968, the act was amended to include section (e.2) which provides that "No person shall carry a firearm, rifle, or shotgun at any time upon the public streets or upon any public property in a city of the first class." The defense contends that amendatory language is to be read as merging into the original law in such a way as to give effect to all its provisions, so that the amendment includes a restriction to a barrel length of 15 inches or less with respect to a "rifle." See Statutory Construction Act of May 28, 1937, P. L. 1019, art. I, sec. 1, et seq., 46 PS §501, et seq. However, it is illogical to assume that the legislature intended this result. The legislature would then be deemed to have said, in the amendment, that, in addition to a prohibition against carrying a concealed weapon such as a "firearm," which includes a rifle with a barrel length

---

* Since superseded by the Uniform Firearms Act of December 6, 1972 (No. 334), effective June 6, 1973.

under 15 inches, or a shotgun with a barrel under 24 inches, it was prohibited after 1968 for anyone to carry a "firearm (that is, in addition to other weapons any rifle with a barrel less than 15 inches or a shotgun with a barrel under 24 inches)," a "rifle (that is, any rifle with a barrel length under 15 inches)," or a "shotgun (that is any shotgun with a barrel less than 24 inches)."

If defendant's position were sound logically, this expression by the legislature would have been a clear cut example of the use of surplusage or excess words, since the legislature, if it had intended that result, could merely have stated in 1968 that it was illegal to carry a "firearm" on any public street, period, without adding "rifle" or "shotgun." An important rule of statutory construction is that, where possible, all of the words in the statute must be given some meaning so that the legislature is not deemed to intend that language used in a statute shall be superfluous and without import: Baumer Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 372 (1968); Sherwood v. Elgart, 383 Pa. 110 (1955); and the legislature is presumed not to have intended its law to contain surplusage: Lynch v. Owen J. Roberts School District, 430 Pa. 461 (1968). See also Commonwealth v. Clopton, 447 Pa. 1, 7 (1972).

It is obvious that in 1939, when the Uniform Firearms Act was first enacted into law, the legislature sought to prohibit the carrying of concealed weapons, of a smaller type, and defined what type of rifle or shotgun would be included in that definition of firearm. It is significant that nowhere in the statute was any mention made of "rifles" or "shotguns." In 1968, section (e.2) was put into the act, here mentioning "rifles" and "shotguns" and specifically limiting the carrying of such dangerous weapons upon the public streets in a

city of the first class. It would be an absurd result to think that the legislature intended to allow persons to carry dangerous weapons on the public streets of Philadelphia provided the barrels were long enough. In construing an act, an unreasonable or absurd construction would violate the fundamental rules of statutory interpretation: Sherwood v. Elgart, supra, at page 114. The reason why this section was obviously put into the act was because little hunting is done by sportsmen on the Philadelphia streets, although hunting may be engaged in in rural areas and hunters may frequently carry their weapons for the legal purpose of sporting activity during the hunting season.

We note further that the bill of indictment in the instant case charges defendant with unlawfully carrying a "firearm, rifle or shotgun upon the public street . . . ," so that he was properly charged under section (e.2). The evidence was clear that defendant was guilty of engaging in the activity prohibited in that section.

For these reasons, this court, on August 24, 1973, denied motions for new trial and in arrest of judgment under both bills of indictment and sentenced defendant.