Daniel Laskey, Richard Roach and Patrick Connolly, Individually and on Behalf of all Similarly Situated Taxpayers in The Borough of Blawnox, Appellants v. Jake Bruno et al., Appellees.

Argued October 7, 1981, before President Judge CRUMLISH, JR., and Judges ROGERS and BLATT, sitting as a panel of three.

510

James R. Mall, with him James Victor Voss, Meyer, Unkovic & Scott, for appellants.

John F. Cambest, Conway, Meyer & Cambest, for appellees.

OPINION BY JUDGE BLATT, February 10, 1982:

The appellants, three residents and taxpayers of the Borough of Blawnox (Borough), individually and on behalf of all other taxpayers situated similarly appeal an order of the Court of Common Pleas of Allegheny County sustaining the appellees' preliminary objection that the appellants' complaint in equity was premature because a statutory remedy existed under Section 1044 of The Borough Code (Code).[1]

The appellants' complaint[2] in equity below contended that the appellees, nine elected council members of the Borough, violated the competitive bidding requirements set forth in Section 1402(a) of the Code, 53 P.S. §46402(a) which requires, in pertinent part, that "[a]ll contracts or purchases in excess of two thousand five hundred dollars ($2,500) . . . shall not be made except with and from the lowest responsible bidder after due notice. . . ." The violation the appellants alleged below concerned the awarding by the

---

[1] Act of February 1, 1966, P.L. (1965) 53 P.S. §46044.

[2] Although the opinion of the court below is factually barren, we are able to glean the basis of his decision to grant the appellees' preliminary objection.

appellees of a $5,500.00 contract for the removal of dirt and debris from a parcel of land leased by the City of Pittsburgh which was located on Borough property. The appellants and appellees agree that such dirt and debris was sitting on top of one of the main water lines of the City of Pittsburgh and that the city threatened suit to have the aforementioned condition corrected. Ultimately, the appellants seek to have the appellees individually surcharged for the amount of the removal-contract in excess of the $2,-500.00 amount set forth in Section 1402 of the Code. The appellees, however, maintain in their preliminary objections that the appellants' equity action is premature because an exclusive statutory remedy exists up until the Borough Auditor files his yearly report under Section 1044 of the Code, 53 P.S. §46044.

Section 1041(c) of the Code, 53 P.S. §46041(c), which delineates the Borough Auditor's duties, states in pertinent part that

(c) [t]he amount of any balance or shortage, or of any expenditure of a kind, or made in a manner, prohibited or not authorized by statute, which causes a financial loss to the borough, shall be a surcharge [levied by the Borough Auditor] against any officer against whom such balance or shortage shall appear, or who by vote, act, or neglect, has permitted or approved such expenditure....

And Section 1044 of the Code mandates that

[i]t shall be lawful for the borough, or any taxpayer thereof, on its behalf, or any officer whose account is settled or audited, to appeal from the settlement or audit, as shown in the auditors' report, to the court of common pleas of the county, not later than forty days from the date of filing of the auditors' report with the clerk of the court of quarter sessions.

We believe, as we said in *Gribble v. Miller,* 3 Pa. Commonwealth Ct. 520, 284 A.2d 825 (1971), which dealt with the identical issues presented here, that the Code when read "as a whole[3] and construing it so as to give effect to all its parts, as we are required to do . . . contains a comprehensive scheme for annually auditing and settling the accounts of the borough and its officers." *Id.* at 524, 284 A.2d at 827 (footnote omitted). Furthermore, we note that

> [t]he purpose of the Legislature in compelling such accounting was to provide a simple, speedy, and effective method for adjusting the fiscal matters of a municipality . . . [and that] the decision of this tribunal [the township auditors] is conclusive, and cannot again be inquired into either by the same tribunal at another time or by a court of law *except in the manner provided by statute.*

*Id.* at 525, 284 A.2d at 828 (emphasis added) (quoting *Skelton v. Lower Merion Township,* 318 Pa. 356, 360, 178 A. 387, 388 (1935)).

We must conclude, therefore, that Section 1041 (e) of the Code gives the Borough Auditor the initial and exclusive[4] obligation to determine whether or not a surcharge should be lodged against a public officer for a violation of competitive bidding requirements, and we must find that the court below neither abused

---

[3] *See Stollar v. Continental Can Co.,* 407 Pa. 264, 180 A.2d 71 (1962).

[4] We note that the appellants argue that it is unrealistic to require borough auditors to scrutinize each and every expenditure by borough officials and that often many allegedly improper expenditures by such officials are not readily apparent to the auditor because the budget "balances." This may or may not be true; however, this argument is somewhat irrelevant because the appellants here are not precluded by the statutory remedy set forth in the Code from ever praying for equitable relief but rather must permit the auditor to act first pursuant to his statutory duty.

its discretion nor erred as a matter of law[5] in granting the appellees' preliminary objection that the appellants were premature in seeking equitable relief prior to the auditor's filing of his yearly report under Section 1044 of the Code.

We will, therefore, affirm the order of the court below.

### ORDER

AND Now, this 10th day of February, 1982, the November 20, 1980 order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

[5] For purposes of appellate review, where the case was decided below on preliminary objections in the nature of a demurrer, we must accept as true all material and relevant facts which were well-pleaded in the complaint and all inferences which were reasonably deducible from them but we are not bound by the legal conclusion of the court below. *Consumers Education & Protective Ass'n v. Nolan*, 470 Pa. 372, 368 A.2d 675 (1977).