## Lackawanna County's Appeals.

272

Argued January 29, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. P. Kelly* of *O'Brien & Kelly,* with him *H. L. Taylor,* for appellant.—Regardless of whether or not the county had a valid excuse for not proceeding sooner, once fraudulent concealment made the confirmation of the controller's report a fraudulent adjudication, it became subject to attack at any time: Zeigler's Petition, 207 Pa. 131; York Co. v. Thompson, 212 Pa. 561; Sallada v. Mock, 277 Pa. 285.

The county is not bound by the laches of the county commissioners: Haehnlen v. Com., 13 Pa. 617; Com. v. Porter, 21 Pa. 385; Com. v. Brice, 22 Pa. 211; Com. v. Phila., 157 Pa. 558.

*Reese H. Harris,* with him *John M. Gunster* and *Charles P. O'Malley,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—A county controller's report, unappealed from, has the force and effect of a final judgment and is binding upon all parties, officials as well as the county itself: Northampton Co. v. Herman, 119 Pa. 373; Glatfelter v. Knox, 1 Penny. 478; Westmoreland Co. v. Fisher, 172 Pa. 317; Rowland v. Allegheny Co., 11 Pa. 309.

The time for appeal under the statute begins to run from the filing of the report: Armstrong County v. McKee, 172 Pa. 64.

Such report has the full force and effect of a judgment: Blackmore v. Co., 51 Pa. 160; Northampton Co. v. Yohe, 24 Pa. 305; Fayette Co. v. Moser, 19 Pa. Dist. R. 517; Hutchinson v. Com., 6 Pa. 124; York v. Thompson, 212 Pa. 561; Westmoreland Co. v. Fisher, 172 Pa. 317.

The statutes providing for the auditing of county treasurer's reports, having provided for a definite period of sixty days within which the county may appeal, the courts are without authority at law to extend the statutory period: Singer v. R. R., 254 Pa. 502; Dunmore Boro. School Dist. v. Wahlers, 28 Pa. Superior Ct. 35; Guyer v. Bedford Co., 49 Pa. Superior Ct. 60; Zeigler's Petition, 207 Pa. 131.

The allowance of an appeal nunc pro tunc is based on the equitable powers of the court to prevent a person taking advantage of his own fraud, and such jurisdiction can be exercised only where there is clear and affirmative proof of fraudulent concealment, the burden of alleging and proving such fraud being on petitioners: Zeigler's Petition, 207 Pa. 131; Northampton Co. v. Raesly, 19 Pa. Dist. R. 815; Guyer v. County, 49 Pa. Superior Ct. 60.

The county is bound impliedly and expressly by the statutory limitation, and the attempt of the appellants to escape from the provisions of the Act of 1834 upon which statute alone their petition is based and the jurisdiction of the court acquired, is futile: Ridgway's Account, 206 Pa. 587; Kuhn's App., 87 Pa. 100; Semple v. Callery, 184 Pa. 95; Guarantee T. & S. Dep. Co. v. Bank, 202 Pa. 94; Cloyd v. Reynolds, 44 Pa. Superior Ct. 81; Northampton Co. v. Herman, 119 Pa. 373.

OPINION BY MR. JUSTICE SIMPSON, April 15, 1929:

As a result of investigations, growing out of or resulting in appeals from the reports of the county controller for 1924 and 1925, where it was determined that the county treasurer owed the county for interest received by him from certain banks in which he had deposited the

money of the county, and for certain fees which he had received but had not paid over, it was ascertained that he had appropriated to his own use the same items during the years 1922 and 1923 also, but the controller's reports for those years did not refer to them, and the time, fixed by section 57 of the Act of April 15, 1834, P. L. 537, 547, for taking appeals therefrom had expired. The county, by its commissioners, thereupon filed petitions in the court below, setting forth the amounts the treasurer had thus collected and kept; that he had not reported them to the controller, but, on the contrary, had fraudulently concealed the fact of their collection, with the result that they had not been considered or acted upon by that official; and prayed that a rule be granted to show cause why the county should not be allowed to appeal nunc pro tunc, from the reports of the controller for those years. The answer of the treasurer admitted the receipt and keeping of the amounts stated in the petitions, but denied concealment thereof; alleged that the commissioners and the controller knew of their retention by him, as a matter of right; and that, under the statute, the county was debarred, by lapse of time, from obtaining the relief sought. Testimony was taken; the court below decided that there was no concealment by the treasurer, nor want of knowledge by the commissioners; and, without determining any other matter, held that, even if the county would ordinarily be entitled to an appeal nunc pro tunc, it had lost that right, in the present instances, because it had not made application within sixty days after the commissioners had actual knowledge of the wrongful retention of the funds; this length of time being adopted as the test, because, by the statute, it was the period within which the county was allowed to appeal from the report of the controller after it had been filed. From the resulting dismissal of its petitions, the county has taken these two appeals.

The principal contention of the treasurer is that, as the county did not appeal from the reports of the con-

troller within the time allowed by the statute for the purpose, its failure so to do operated as a complete defence, not only as to matters considered by the controller, but as to all others which theretofore existed, whether known or unknown. Though there are expressions in some of our opinions which give color to this contention, nevertheless we have expressly ruled, and rightly so, that, under some circumstances, appeals nunc pro tunc may be granted: Ziegler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561. In these cases the appeals were allowed because "the county was defrauded," though the treasurer had no [personal] knowledge of the fraud, which had occurred, however, during his incumbency of the office. In the instant case, it was the treasurer himself who, it is alleged, wrongfully appropriated the county's money to his own use, and made no report thereof to the controller, though section 37 of the Act of 1834, supra, page 543, expressly requires him, at regular intervals. to render "a statement of all moneys received and disbursed since the date of his last statement." It is a fraud for a public officer to appropriate public money to his own use, and ordinarily a showing of the fact that he has done so, will entitle a county to appeal nunc pro tunc from a report of its controller, based upon the accuracy of the returns by a county officer, which made no mention of the receipt of the money.

But, says the treasurer, I did not conceal the fact that I kept that money, the county commissioners knew I intended to keep it, and later that I had done so. The commissioners deny this, but the court below accepted the treasurer's testimony on the point. This finding, however, does not avail to relieve him of liability for his conduct of which complaint is now made. It cannot be too strongly stated, that "An officer mismanaging funds may not defend by pleading knowledge and approval of his unlawful conduct by other officers, nor his own good faith": 43 Corpus Juris 720. The matter is not one for

the treasurer and commissioners alone. The entire body of citizens is interested in the money being obtained and used for public purposes; and this is recognized by the statute which authorizes ten or more taxpayers to appeal from the report of the controller. Nor can the treasurer, by saying that he kept the money as a matter of right, obtain any title to it. In reality he kept it as a matter of wrong, though apparently he did not appreciate this.

The treasurer further says he had a book or books in his office, from which, if the controller had compelled their production, all the data as to these several items of surcharge could have been ascertained; and, as the statute provided a means by the use of which the controller could have compelled their production, the county must be treated as bound by what he could thus have learned. As against the concealment already referred to, this argument is unavailing. Since, by the apparent completeness of his returns, he obtained from the controller a favorable audit on the faith of their being actually full and complete, as the statute required them to be, he cannot be heard to say the county is bound because it did not know of their incompleteness; he cannot thus obtain title to the public money not referred to in them.

The treasurer lays great stress, also, on the alleged fact that there was "common knowledge" he was keeping these funds; but this, even if true, is of no moment: Chemical National Bank v. Tuttle, 2 Sad. 328; 17 W. N. C. 415; Maul v. Rider, 59 Pa. 167, 172. The records of this court show that, in the cases of Ziegler's Petition, supra, and York County v. Thompson, supra (respectively of January Term 1903, No. 122, and January Term, 1904, Nos. 205 and 206), it was alleged that a custom existed which authorized the treasurer to keep the public moneys there being claimed by the county, and that there was common knowledge of the fact that he was doing so. These allegations were given no weight

there, and can be given none here. It should not be necessary to repeat that all such arguments must be unavailing in a court of justice, which will never permit a public official to take and keep the funds committed to his care, if there is any legal way to prevent it. Here, the treasurer admitted that none of these items appeared in his returns to the controller, and, when the latter made his reports, he did so from these returns and on the faith of their being correct. The treasurer should have specified in them all the money received, and, if he believed any of it belonged to him, should have claimed credit for its retention. His right thereto could then have been passed on by the controller, and, on appeal from his report, if any was taken.

In this way the fact of ownership of the fund would have been adjudicated, and the statutory time for taking an appeal would have been controlling. The treasurer's failure to make a full return, in violation of his duty in that regard, made the report actually filed but a partial one, and entitled the county either to compel a new and complete report to be filed, or to have an appeal from the original one nunc pro tunc, in order that it might obtain, as it was statutorily entitled to, an adjudication as to the omitted items specified in the application.

On the question as to whether or not there was a legal reason for not granting relief in the instant case, the treasurer reiterates the reason given by the court below for dismissing the petitions. The basis of this contention is that ordinarily, in cases of fraud, the statute of limitations begins to run at the time of its discovery, and an interested party will be debarred, if thereafter he does not proceed until more than the full statutory period for bringing suit has elapsed. This is a settled rule, and it is not our purpose to disturb it; but it is not applicable here. If the treasurer had made no return whatever, the county could have compelled him to do so, without limitation of time so far as the statute is concerned, which contemplates a complete return, an audit

of it, and an early judgment against the treasurer, if found indebted to the county. Nowhere does it even hint that the county must be content with an incomplete return, though this has been acted upon by the controller. Probably, therefore, by appropriate proceedings, the treasurer could have been, and possibly he can even yet be, compelled to make an additional return covering the purposely omitted items, in which event the county would have the full sixty days to appeal from the controller's report thereon, after it was filed, and not merely after the fact of the wrongful withholding was ascertained. The fact that leave to appeal nunc pro tunc was asked (as the cases above cited say was a proper course to pursue), rather than an order to compel the filing of a further account, would not seem to require a less allowance of time for the former than for the latter, the statute being silent on the subject in both cases.

Moreover, the present status is not like the ordinary one where an appeal is to be taken from the controller's report. In the present instance, the treasurer, by his failure to report collection of the sums now sought to be recovered, has prevented the county from having an early judgment, by the controller, in its favor. This is a valuable right of which the county has been deprived. If there had been proper returns made by the treasurer to the controller, and the treasurer had afterwards so deceived the county that it did not appeal, by analogy the rule relied on by the court below might be applied; but the analogy, under the present circumstances, is an imperfect one. Hence, for this reason also, the true rule is that which is applied in all similar equitable proceedings, namely, the county will be debarred only by such laches as may prejudice the treasurer's defence. Where, as here, the facts regarding the claim are all admitted, mere lapse of time is relatively unimportant, since the test is whether or not, under the circumstances of the particular case, injury will probably result to the defendant if, despite the lapse of time complained of,

plaintiff is permitted to proceed: Kinter v. Commonwealth Trust Co., 274 Pa. 436; Stevens v. Delaware, Lackawanna & Western R. R. Co., 278 Pa. 284. , This appears to have been the rule applied in the cases above cited, where appeals were allowed nunc pro tunc. In York County v. Thompson, supra, though it is not so stated in our opinion,—which was, in effect, an affirmance of that of the court below,—it appeared from the evidence, that the facts regarding the fraud were known more than sixty days before leave to appeal nunc pro tunc was asked. There, the petition simply said the facts were ascertained at a "recent date," which was deemed a sufficient averment upon which to base the application for an appeal. Apparently the delay in that case had not resulted in the loss of evidence, and hence it was not inequitable to grant the appeal. Here, as already stated, there has been no harmful delay; recovery is sought on admitted facts; and the county has been steadily seeking to obtain its money. This was first attempted by an application to the controller to surcharge the treasurer for the wrongful withholding of the money collected by him in 1922 and 1923, when the former was auditing the latter's accounts for 1924 and 1925. The controller made the surcharges; but, on appeals by the treasurer, the court below reversed the controller's action. Suits were then brought on the treasurer's bonds and objections were made to the jurisdiction of the court. These were not decided until July 6, 1928, the court below, in its opinion in those proceedings, suggesting that, perhaps, applications like the present might avail the county. They were in fact made eleven days later. Under such circumstances, clearly there has been no laches of which the treasurer can justly complain, for he has lost nothing by the delay. Under such circumstances, the courts will not be astute to find reasons to enable an ordinary fiduciary to retain money in violation of the trust reposed in him; a fortiori they should not be in the case of a public official.

The orders of the court below are reversed, and appellant is given leave to appeal nunc pro tunc within thirty days after the records in these cases shall be filed in the court below; the costs to abide the event.