Clark *v.* Meehan, Appellant.

Argued March 19, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*William B. Farran,* for appellant.

*Joseph S. Clark, Jr.,* in propria persona, with him *Walter J. Brobyn* and *Morris M. Pickholtz,* for appellee.

Opinion by Mr. Chief Justice Drew, April 17, 1951:

Joseph S. Clark, Jr., acting in his official capacity as Controller of the City and County of Philadelphia, seeks, by this suit in mandamus to compel Austin Meehan, Sheriff of that County, to produce for audit all books and records of monies received by him in his official capacity during the year 1949. The Sheriff filed an answer in which he averred that all books containing records of county funds had been submitted to the Controller and that the books to which he now sought access concerned money in which neither the city nor the county had any interest. Judgment on the pleadings was entered for the Controller and the Sheriff then brought this appeal.

The records which the Controller seeks to examine concern collections from litigants in civil suits for mileage, notary fees, deposits covering costs of judgment sales and other similar items. All of those funds, the Sheriff avers, are paid to process servers, notaries public and other persons to cover necessary expenses. It is argued that any overplus is returnable not to the county but to the litigants and for that reason the Controller has neither the power nor the duty to audit those records.

A majority of this Court is of the opinion that such an argument cannot be countenanced in view of the express statutory authority granted to the Controller. The Act of March 31, 1876, P. L. 13, §10, provides: "*All books, records, papers and accounts* kept by any of the officers named or included in this act [the sheriff is so included], shall be open to the inspection of the county controller . . . ." (Italics added.) The Act of June 27, 1895, P. L. 403, §4, states: "The said controller shall have a general supervision and control . . . of the accounts and official acts of all officers or other persons who shall collect, receive or distribute

the public moneys of the county, or who shall be charged with the management or custody thereof, and he may, at any time, require from any of them, in writing, an account of all moneys, or property which may have come into their control . . ."

These statutes make it clear that the Controller has broad supervisory powers over the fiscal affairs of the county and in order to exercise those powers properly he is given the right and duty to examine all accounts kept by county officers acting in their official capacity. Since it is not disputed that these accounts are of funds collected by the Sheriff because of his public office and as an adjunct to it, they are subject to audit by the Controller.

In *Lackawanna County's Appeals*, 296 Pa. 271, 278, 145 A. 843, a somewhat similar situation arose. There the county treasurer failed to show in his returns to the controller certain money received by him which he claimed to be his by custom and usage. The controller prepared his report on the basis of the returns received. Upon exceptions to the controller's report by the county commissioners we held that "The treasurer should have specified . . . [in his returns to the controller] all the money received, and, if he believed any of it belonged to him, should have claimed credit for its retention. His right thereto could then have been passed on by the controller, and, on appeal from his report, if any was taken."

The Sheriff's answer that the county is not entitled to the funds recorded in the questioned accounts is in no way responsive to the issues raised by this mandamus proceeding. That question can only be determined after a thorough examination and audit of the books and records. The proper person to make that audit under the above quoted statutes is the Controller. If in his annual report the Controller should include funds which the Sheriff believes do not properly belong to

the county, he has the right to take exceptions to the report and at that time the court will have before it all of the facts necessary to adjudicate the question. See *Lackawanna County's Appeals*, supra.

As the learned court below by President Judge GORDON stated: "Though the Sheriff's assertion that the books in question contain no such errors or irregularities may be correct, that assertion alone is not sufficient to deny the Controller his right, in the first instance, by inspecting all of the Sheriff's financial records to ascertain whether they are adequately and properly kept, whether they show items of receipts to which the City may be entitled, but are being withheld intentionally or mistakenly under a bona fide claim of right, and whether persons dealing with him as Sheriff have been, or are being, required to pay unauthorized fees or charges for his official services. Whether or not the records which the defendant objects to opening to the inspection of the plaintiff will disclose any such irregularities is wholly beside the point. The defendant resists the Controller's demand upon his own claim that they will not, and we have no reason to believe, or expect that they will. The point is that this can be authoritatively determined only by the audit which the Controller desires to make—an audit which will either vindicate the defendant's financial administration of his office, or reveal facts upon which appropriate and effective action can be taken."

The writ of mandamus lies to compel a public official to perform his duties in accordance with the law. Since the Sheriff refused to submit all of his records to the Controller as he is required to do, the writ was properly issued against him.

Judgment affirmed.