Vivian R. Vesce, individually and as administratrix, *vs.* Bernard Gottfried & another.

Suffolk. January 2, 1968. — February 2, 1968.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Reardon, JJ.

*Sale,* Contract of sale, Payment of price. *Equity Pleading and Practice,* Decree, Declaratory proceeding.

In a suit in equity for declaratory relief, the final decree should not leave for future determination any issue between the parties reasonably raised by the bill and its prayers. [569]

Where it appeared that the owner of a boat had financed its acquisition by a bank loan repayable in monthly instalments and insured so as to "become paid up" in case of his death, that he sold the boat by a bill of sale reciting that the sale was "for the balance of . . . [his monthly] payments (26) . . . to be paid to . . . [him] and . . . [he] in turn [to] pay" the bank, and that he died about three months after the sale and the bank upon his death received the unpaid balance of the loan from the insurance, it was held that the purchase price to be paid by the purchaser for the boat was the aggregate amount of the twenty-six instalments and that the purchaser was indebted to the seller's estate for, and the estate was entitled to retain, the instalments remaining unpaid by the purchaser at the seller's death. [569–570]

Bill in equity filed in the Superior Court on July 17, 1962.

The suit was heard by *Coddaire,* J.

*Bernard Kaplan* for the plaintiff.

No argument or brief for the defendants.

Cutter, J. Mrs. Vesce seeks declaratory relief concerning her late husband's interest in a certain boat, motor, and

trailer (hereinafter collectively referred to as the boat). The bill also contains a prayer for general relief.[1]

The trial judge found that Vesce had financed the boat "through a bank loan which provided that in case of Vesce's death, the loan was insured and would become paid up." On June 15, 1961, Vesce sold the boat to Gottfried and gave him a bill of sale, which stated (in part) that Vesce had sold his "boat . . . motor and trailer to . . . Gottfried . . . for the balance of my payments (26) at $51.42 per month to be paid to me and I in turn pay the . . . [b]ank. The balance of the unpaid note is $1336.67, and has [*sic*] two years to pay it off, as of . . . June 15, 1961." Vesce died in September, 1961.

The trial judge concluded "that the boat is owned by . . . Gottfried." A final decree so declared, but contained no declaration concerning whether and to what extent Gottfried was indebted to Vesce's estate for the unpaid balance of the purchase price. The case is before us on the judge's findings. The evidence is not reported.

1. The final decree should have determined the whole controversy between the parties and should have left for future determination no issue reasonably raised by the bill and prayers for relief, including the prayer for general relief. See *Zaltman* v. *Daris*, 331 Mass. 458, 462. See also *Trustees of Dartmouth College* v. *Quincy*, 331 Mass. 219, 227–228; *Nissenberg* v. *Felleman*, 339 Mass. 717, 724; *Powers, Inc.* v. *Wayside, Inc. of Falmouth*, 343 Mass. 686, 694; *Commissioner of Admn.* v. *Kelley*, 350 Mass. 501, 505. Even though the bill did not specifically request that the amount of Gottfried's unpaid debt to Vesce's estate be decided, this issue was raised, at least by implication, by the bill.

2. We interpret the somewhat informal bill of sale from Vesce to Gottfried (which on this record appears to be the whole contract of sale) as providing for a sale of the boat for the aggregate amount of the payments then remaining to

---

[1] The bill originally sought also to determine rights in other property. Mrs. Vesce does not now contest the trial judge's conclusions concerning such other property.

be made on the bank loan, to be paid in instalments by Gottfried at the times required to enable Vesce to pay off the bank loan instalments as they would become due. We do not view the transaction of June 15, 1961, as involving any assumption of the bank loan by Gottfried, or any purchase by him of any interest in the bank's insurance on Vesce's life. We think that Vesce after the sale remained liable to the bank on the loan as principal (and not merely as surety).

Vesce's agreement to pay the instalments to the bank, as we interpret the arrangement, was merely to give Gottfried assurance that the lien held by the bank upon the boat would be discharged by paying off the bank loan in accordance with its terms. When the loan was paid from the proceeds of the bank's insurance on Vesce's life, the purpose of Vesce's agreement to pay the instalments to the bank was fully accomplished. Thereafter Vesce's estate was entitled to retain Gottfried's subsequent payments, for any lien of the bank had been discharged. Nothing in the record suggests that it was intended (a) that Gottfried should obtain any benefit from the insurance, or any windfall by reason of Vesce's death, or (b) that Gottfried was to receive and retain the boat without paying to Vesce's estate the full amount of the remaining payments.

3. The record is not sufficiently complete to enable us to determine the amount of Gottfried's present indebtedness to Vesce's estate. This must be determined in the Superior Court.

4. The final decree is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion (which may include any appropriate amendment of the bill and further hearings) and for modification of the final decree so that it will state the amount of any indebtedness of Gottfried to Vesce's estate with respect to the purchase of the boat. Mrs. Vesce, as administratrix, is to have costs of appeal.

*So ordered.*