RENT CONTROL BOARD OF CAMBRIDGE *vs.* ALDEN I. GIFFORD, trustee, & others. June 27, 1972. This case, initiated by a bill for declaratory relief in the county court, is here by way of reservation and report by the single justice on a case stated. The plaintiff is the Rent Control Board of Cambridge. The defendants are landlords and tenants. The question before us arises out of conflicting judicial de-

terminations involving facets of Cambridge rent control. On February 24, 1972, a judge of the Superior Court, in *Gifford* v. *Healy,* Superior Court, Middlesex County, Docket No. 33159, continued a restraining order enjoining the plaintiff from voiding rent control adjustments by its predecessor William J. Corkery as rent control administrator of Cambridge. On March 2, 1972, a judge of the Third District Court of Eastern Middlesex, in the case of *Akerman* v. *Corkery,* Equity Docket No. 17 of 1971, entered findings nullifying rent adjustments made by Corkery. There are claims of report and appeals from the judgment entered in accordance with these findings. On March 17, 1972, the plaintiff requested the Superior Court judge to dissolve the February restraining order in the light of the District Court decision of March 2, 1972, which the judge declined to do. On May 22, 1972, the plaintiff adopted a regulation governing determination of "fair net operating income." The bill seeks a determination as to whether the decree of the Superior Court or the judgment of the District Court is binding. We have reviewed the original papers in *Gifford* v. *Healy, supra,* as well as the case before us and arguments submitted on briefs by the parties. Lengthy discussion of the matter is not required. *Marshal House, Inc.* v. *Rent Control Bd. of Brookline,* 358 Mass. 686, 702–703, sufficiently defined the term "fair net operating income" (which is the nub of this controversy as it appears in St. 1970, cc. 842 and 843). It is clear to us without further elucidation that the findings and rulings of the District Court judge are in accordance with both the cited statutes and that decision, and that the action of the Superior Court judge in preventing by restraining order the nullification of illegal rent adjustments by the predecessor rent control administrator is not. A decree is to enter in the county court declaring (1) that the judgment entered by the judge of the District Court was correctly entered; (2) that the interlocutory decree of February 24, 1972, entered by the judge of the Superior Court is improper; and (3) that the plaintiff may inform tenants and landlords that rent adjustments made by its predecessor are null and void.

*So ordered.*

The case was submitted on briefs.

*Philip M. Cronin,* City Solicitor, *Birge Albright & Robert J. Muldoon, Jr.,* for the plaintiff.

*George A. McLaughlin, Jr., & David G. Hanrahan* for Alfred Pepi & others.

*Sarah M. Raney & Charles R. Nesson* for Joan Akerman & others.