COLIN GARDNER *vs.* BERNARD BERKMAN, trustee.

Norfolk.    April 4, 1974. — June 12, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Rent Control. Superior Court,* Jurisdiction. *Equity Jurisdiction,* Declaratory relief. *Jurisdiction,* Rent control.

The Superior Court has equity jurisdiction regarding the question whether the roll-back provisions of the rent control act, St. 1970, c. 842, § 6 (a), apply to preëxisting leases, and such a controversy is not within the exclusive original jurisdiction of the District Courts under §§ 10 (b) and 11 of the act [482-483]; having such jurisdiction, the Superior Court also had jurisdiction to grant injunctive relief and to award liquidated damages and attorney's fees under §11 (a) of the act [483-484].

BILL IN EQUITY filed in the Superior Court on August 26, 1971.

The suit was heard by *Brogna,* J.

*John B. Toomey,* for the defendant, submitted a brief.

*Mark Stern* for the plaintiff.

BRAUCHER, J.    The Superior Court gave declaratory, injunctive, and other relief to a tenant against his landlord, ruling that the roll-back provisions of the rent control act, St. 1970, c. 842, § 6 (a), apply to preëxisting leases. The landlord's appeal brings to us the single question whether the controversy was within the exclusive original jurisdiction of the District Courts under §§ 10 (b) and 11 of the rent control act. We hold that the Superior Court had jurisdiction and affirm.

We summarize the statement of agreed facts. The tenant occupied an apartment in Brookline under a lease executed before October 29, 1970, when the rent control act took effect in Brookline. The apartment is a controlled rental unit under § 3 (b) of the act, and § 6 (a) fixed the maximum

monthly rent as $190.25, the rent charged for March, 1970, as adjusted for subsequent tax increases. The lease provided for a monthly rent of $210. After paying the full amount of $210 a month through March, 1971, the tenant deducted from his April payment the accumulated excess over $190.25 and tendered the balance of $91.50. Each month thereafter until the lease terminated by agreement on August 31, 1971, the tenant tendered $91.50 plus $190.25 for each month. The landlord refused each tender and sued in the Municipal Court of Brookline for the rent provided by the lease, attaching the tenant's bank account.

The tenant sought declaratory, injunctive, and other relief in the Superior Court, and the case was heard on a statement of agreed facts and on oral testimony as to legal fees. The judge found "a lack of uniformity in the decisions" of the District Courts "concerning the roll-back provisions of the Rent Control Act." The final decree declared those provisions "applicable to prior existing leases," enjoined the landlord from pursuing legal remedies to collect the rent reserved in the lease, and awarded the tenant $1,929 pursuant to § 11 (a) of the act, providing for three times the excess amount demanded by the landlord plus legal fees.

1. The Superior Court has general equity jurisdiction. G. L. c. 214, § 1, as amended by St. 1935, c. 407, § 2. See *Meenes* v. *Goldberg*, 331 Mass. 688, 691-692 (1954). The declaratory judgment statute, G. L. c. 231A, "relates to procedure and does not deal with jurisdiction." *Worcester County Natl. Bank* v. *Commissioner of Banks*, 340 Mass. 695, 697 (1960). See *Sisters of the Holy Cross of Mass.* v. *Brookline*, 347 Mass. 486, 491-492 (1964). The landlord contends that under § 10 (b) of the rent control act the appropriate District Court has "exclusive original jurisdiction over actions arising out of the provisions of section eleven," that both his action for rent and this suit are such actions, and that the Superior Court was therefore without jurisdiction. Section 11 (a) provides a remedy in damages for a tenant aggrieved by a demand for rent in excess of the maximum lawful rent. Compare *Freedman* v. *Rent Control*

*Admr. of Cambridge,*        Mass. App. Ct.        (1973)[a].
Section 11 does not explicitly provide for the tenant's
defence in an action for rent or for an injunction against an
action for rent.

We rejected a similar contention with respect to § 10 (a)
of the rent control act in *Marshal House, Inc.* v. *Rent
Control Bd. of Brookline*, 358 Mass. 686, 691-692 (1971).
Section 10 (a) gives the District Courts exclusive original
jurisdiction of complaints filed by a person "aggrieved by
any action, regulation, or order of the board or the adminis-
trator." We held that that provision did not apply to
proceedings challenging "the validity of the entire statute
on its face, not an isolated order under a valid enabling
act." The provision for exclusive original jurisdiction in "a
district court within the territorial jurisdiction of which is
located the controlled rental unit affected by such action,
regulation or order" was thought to be "meaningless in the
present context."

The present case, unlike the *Marshal House* case, did not
involve a challenge to the entire statute, but it did involve a
challenge to an important provision of broad application in
proceedings not explicitly within the exclusive original
jurisdiction of a District Court. As in the *Marshal House*
case, there was a real dispute caused by the assertion by one
party of a legal right in which he had a definite interest and
the denial of the assertion by the other party. The circum-
stances indicated that unless a determination was had
subsequent litigation as to the identical subject matter
would ensue. Constitutional and statutory questions of
urgency and importance were presented which were
eminently suited for decision by declaratory relief. Finally,
there was a lack of uniformity in the decisions of the
District Courts on the questions presented. Compare *Rent
Control Bd. of Cambridge* v. *Gifford*, 362 Mass. 870 (1972).
We think the principle of the *Marshal House* case extends
to the present case.

2. Since the Superior Court properly had jurisdiction to
resolve the urgent and important questions raised with

[a] 298 N.E. 2d 868.

respect to the roll-back provisions of the rent control act, we think it also had jurisdiction to grant injunctive relief and to award liquidated damages and attorney's fees under § 11 (a) of the act. "The final decree should have determined the whole controversy between the parties and should have left for future determination no issue reasonably raised by the bill and prayers for relief, including the prayer for general relief." *Vesce* v. *Gottfried*, 353 Mass. 568, 569 (1968), and cases cited. A separate petition for consequential relief is not required by G. L. c. 231A, § 5, "where the court which hears the bill for declaratory relief has jurisdiction to grant the further relief." *Essex Co.* v. *Goldman*, 357 Mass. 427, 434 (1970). The Superior Court has general equity jurisdiction, which may in a proper case include the award of damages. *George* v. *Coolidge Bank & Trust Co.* 360 Mass. 635, 641 (1971).

Section 10 (b) of the act was intended to promote judicial economy and efficiency by imposing on the District Courts rather than the Superior Court the burden of resolving numerous specific disputes involving comparatively small sums. It would frustrate that goal to divide a single dispute between a District Court and the Superior Court. Accordingly, we hold that where, as here, the Superior Court has jurisdiction to declare the rights and duties of the parties, it also has jurisdiction to settle the entire controversy between them.

> *Decree affirmed with a reasonable attorney's*
> *fee and costs of appeal.*