Allen H. Smith, Appellant *v.* County of York, Appellee.

48

Argued February 28, 1978, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS, BLATT and DISALLE.

*Allen H. Smith,* Appellant, for himself.

*Lewis P. Sterling,* County Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 28, 1978:

Allen H. Smith (Appellant) appeals a declaratory
judgment of the Court of Common Pleas which limits
the total amount of commissions which he may keep as

Recorder of Deeds for York County to $7,500.00 per year. He asserts that the use of an action for declaratory judgment to resolve this controversy was improper; that the court below should not have resolved this matter by referring to a law which had not been raised by the petitioner in his petition for a declaratory judgment and that in any event that the court below misconstrued the cited law; that all necessary parties were not joined and that the Judges who heard this case should have recused themselves. We disagree with all these contentions and affirm the court below.

The County of York (York) requested a delaratory judgment to determine the salary to which Appellant was entitled during the period from January 1, 1972 to December 31, 1973, and what portion of fees which he had collected incident to his job duties was properly his. York was prompted to bring this action because of certain changes in the Constitution of Pennsylvania[1] and a change in the County Code which provided a new salary schedule for county officers.[2] The court held that these changes did not affect Appellant because they took effect during his term of office and Article 3, Section 27 of the Constitution of the Commonwealth of Pennsylvania forbade the increase or decrease of salary during an office holder's term in office. The court's response to Appellant's first contention has not been appealed and therefore is not before us. The court below then held that, pursuant to the Act of June 25, 1966, P.L. 1556, *as amended,* 16 P.S. §1555-2 (1555-2), the amount which Appellant could

[1] On April 23, 1968, Article 9, Section 4 of the Constitution was amended to provide that as of April 23, 1972, fees incidental to the conduct of a county office would be paid directly to the county or the Commonwealth of Pennsylvania.

[2] The Act of November 1, 1971, P.L. 495, *as amended,* 16 P.S. §11011-6, set forth a new salary schedule for Recorder of Deeds.

retain from commissions which he collected in the course of duties was limited to $7,500 per annum. This had not been raised by York's petition for declaratory judgment, but the court nevertheless relied on the provisions of this Act because the matter had been formally presented to it for determination. York had specifically requested a decree as to the disposition of fees collected and held by Appellant but it had not raised the bearing of 1555-2. It is this application 1555-2 to Appellant from which Appellant appeals.

Relief by way of declaratory judgment was clearly proper in this case. Granting of relief by way of declaratory judgment is discretionary for the court where it *"is satisfied* that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation."* Section 6 of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P.L. 840, *as amended,* 12 P.S. §836 (Act) (emphasis added). *See, e.g. Greenberg v. Blumberg,* 416 Pa. 226, 206 A.2d 16 (1965). Although the petition did not set forth with any specificity the existence of an actual controversy or antagonistic claim[3] which indicates imminent and inevitable litigation, any deficiency was cured when Appellant joined in and raised no exceptions to a pre-trial order setting forth the facts necessary for the resolution of the petition. Looking to Appellant's conduct, the court could be satisfied that the requisite antagonistic claims and imminent litigation were present.

We disagree with the contention that the court below did not have the power to construe 1555-2 because it had not been raised in the petition. It is our view that a petition for declaratory judgment is equitable in nature and when a court assumes jurisdiction, it has the power to render any relief which it considers nec-

---

[3] Section 6(1) of the Act, 12 P.S. §836(1).

essary. Although our resarch reveals no Pennsylvania appellate decision so holding, there are abundant decisions in other jurisdictions to support this conclusion. The consideration of holdings in other jurisdictions is partly appropriate to our deliberation because Section 15 of the Act, 12 P.S. §845, provides:

§845. Uniformity of interpretation

This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States which enact it and to harmonize, as far as possible, with Federal laws and regulations on the subject of declaratory judgments and decrees.

In Illinois, it was held in the case of *Richards v. Liquid Controls Corp.*, 26 Ill. App. 3d 111, 130, 325 N.E. 2d 775, 788 (1975), that

[I]n the process of reaching a result under a declaratory judgment action, the trial court is able to render any further relief necessitated by its deliberations. (La Salle Nat. Bank v. International Ltd. (1970), 129 Ill. App. 2d 381, 398-399, 263 N.E. 2d 506, Koziol v. Village of Rosemont (1961), 32 Ill. App. 2d 320, 329, 177 N.E. 2d 867).

In Massachusetts, the Supreme Judicial Court has held that "[t]he final decree should have determined the whole controversy between the parties and should have left for future determination no issue *reasonably raised by the bill and prayers for relief,* including the prayer for general relief." *Visce v. Gottfried,* 353 Mass. 568, 233 N.E. 2d 759, 760 (1968) (emphasis added). *See also Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida, Inc.,* 219 So. 2d 110 (1969).

In view of the liberal construction accorded this Act[4] and the request by York in its petition for a de-

---

[4] Section 12 of the Act, 12 P.S. §842.

termination as to the disposition of commissions collected and held by Appellant, we have no hesitation in holding that the court below had the power to apply Section 1555-2.

There is no question that Section 1555-2 is applicable to Appellant. That section states:

§1555-2. Commissions from Commonwealth and political subdivisions

Each county officer shall pay all commissions received by him from the Commonwealth of Pennsylvania and from any political subdivision in excess of seven thousand five hundred dollars ($7,500) in any calendar year, to the general fund of the county for the use of the county.

Even though the term "county officer" is nowhere specifically defined, Section 1550 of the Code, which designates the salary to be paid "county officers" includes Appellant. It is beyond question that this section is specifically designed to control the amount of fees retained by all county officers including Appellant.

The remaining issues raised by Appellant are wholly without merit since all necessary parties were joined in this action. The court did not err in refusing to withdraw itself from the trial because it was involved in a litigation with the Commissioners of York County, the petitioners hereto. Appellant made no allegation that it had any interest "that could be substantially affected by the outcome of the proceedings."[5] Appellant simply alleged the existence of the litigation between the Judges and the commissioners.

Accordingly, we

---

[5] Canon 3c(1) of the Code of Judicial Conduct.

## ORDER

AND NOW, this 28th day of July, 1978, the order of the Court of Common Pleas of York County is affirmed.