538 A.2d 85

John C. Norris, Appellant *v.* York County, Appellee.

Argued November 17, 1987, before President Judge CRUMLISH, JR., and Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*John W. Thompson, Jr.,* for appellant.

*J. Christian Ness,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 19, 1988:

John C. Norris, Recorder of Deeds of York County, appeals a York County Common Pleas Court order enjoining him from personally retaining commissions from state realty transfer taxes. We affirm.

York County filed an action for declaratory judgment seeking, *inter alia,* an order limiting Norris' salary to that fixed by the County Commissioners, enjoining him from retaining commissions derived from transfer taxes and directing him to repay any improperly retained monies. The parties proceeded before the common pleas court on the County's request for injunctive relief as to Norris' entitlement to fees or commissions for 1986 and subsequent years.

Section 4 of the Act of May 5, 1981[1] provides, for our purposes, that:

> (b)  The department shall allow each county a commission equal to one per cent of the face value of the stamps sold or two hundred fifty dollars ($250) whichever is greater. *The recorder of deeds shall pay the commission herein allowed*

---

[1] Section 1106-C of the Act of March 4, 1971, P.L. 6, *as amended,* added by Section 4 of the Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. §8106-C. The Act of March 4, 1971, will be referred to as the Tax Reform Code of 1971.

*to the general fund of the county.* The department shall pay the premium or premiums on any bond or bonds required by law to be procured by recorder of deeds for the performance of their duties under this Article. (Emphasis added.)

The common pleas court concluded that this provision entitled York County to commissions earned on transfer stamp sales and that the recorder pay commissions to the general fund of York County.

Norris contends that his right to retain commissions is established in Section 3 of the Act of January 25, 1966, P.L. (1965) 1556, 16 P.S. §1555-2, which provides:

Each county officer shall pay all commissions received by him from the Commonwealth of Pennsylvania and from any political subdivision in excess of seven thousand five hundred dollars ($7,500) in any calendar year, to the general fund of the county for the use of the county.

Norris argues that this Court's application of that provision in *Smith v. County of York,* 37 Pa. Commonwealth Ct. 47, 388 A.2d 1149 (1978), *cert. denied,* 441 U.S. 908 (1979), requires that he still be permitted to retain appropriate commissions.

When Section 3 was enacted in 1966, a county recorder of deeds was entitled to retain a one-percent face value commission on all stamp sales or a minimum compensation of two hundred fifty dollars ($250.00) per year. Section 5 of the Act of December 27, 1951, P.L. 1742, *as amended,* 72 P.S. §3287. Hence, Section 3 imposed a cap on a recorder's commission earnings, while Section 5 established a minimum.

In 1970, however, Section 5 was further amended.[2] That amendment mirrors the language now found in

[2] Act of November 25, 1970, P.L. 767, *as amended, formerly* 72 P.S. §3287, repealed by Section 6 of the Act of May 5, 1981, P.L. 36.

Section 4 of the Act of May 5, 1981, which mandates recorders to pay commissions to the County general fund.

In *Smith*, this Court declined to consider the inconsistencies between Section 3 and the 1970 amendment to Act 1951 because the recorder therein was in midterm, and Article 3, Section 27 of the Constitution of the Commonwealth of Pennsylvania forbade the increase or decrease of an office holder's salary during his/ her term in office. *Id*. at 49, 388 A.2d 1150.

Free of that constraint, we hold that the recorder of deeds is not entitled to personally retain any stamp sale commissions. As noted in *Smith*, Article 9, Section 4 of the Commonwealth's Constitution was amended in 1968 to provide that as of April 23, 1972, county officers shall be paid by salary only and that fees incident to the conduct of a county office be paid to the county or Commonwealth. Thus, the 1970 amendment requiring the payment of a recorder's commission to the county general fund recognized the constitutional prohibition against personal retention of commissions or fees.

Hence, to the extent that Section 3 is inconsistent with Article 9, Section 4 or with Section 4 of the Act of May 5, 1981, it is ruled invalid.[3]

The common pleas court order enjoining Norris from retaining any commission under the Realty Transfer Act is affirmed.

---

[3] Norris argues that the "saving provision" accompanying Section 4 of the Act of May 5, 1981, requires that Section 3 of the Act of January 5, 1966, be interpreted to permit personal retention of commissions. We hold that this contention lacks merit in that the saving provision only extended to laws relating to imposition, levy or collection of taxes not the method of compensation to recorder of deeds.

ORDER

The York County Common Pleas Court order, No. 86-SU-02144-07 dated November 5, 1986, is affirmed.