**YORK COUNTY**

v.

**John C. NORRIS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 19, 1996.

Decided Sept. 13, 1996.

John W. Thompson, Jr., for Appellant.

Donald L. Reihart, Assistant City Solicitor, for Appellee.

Before SMITH and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

John Norris, York County Recorder of Deeds, appeals an order of the York County Court of Common Pleas directing a verdict in favor of York County for $52,500 and awarding Norris $209.29 in counsel fees.

We originally decided this appeal in *York County v. Norris* (No. 2441 C.D.1995, filed May 29, 1996). Norris subsequently petitioned for reargument and reconsideration. By order dated July 23, 1996, we granted reconsideration. We did so in order to clarify our original opinion on an issue raised by Norris as to certain counsel fees.[1]

The same parties were before this Court in 1988 in a phase of this case where we held that Norris as Recorder of Deeds could no longer be compensated by commissions from realty taxes collected by him. *Norris v. York County,* 113 Pa.Cmwlth. 541, 538 A.2d 85 (1988), *petition for allowance of appeal denied,* 520 Pa. 611, 553 A.2d 972 (1988). We held that Article 9, Section 4 of the Pennsylvania Constitution provided in 1968 that, as of April 23, 1972, county officers shall be paid by salary only and fees incident to the conduct of their offices must be paid to the county or Commonwealth. *Id.*

After that case was decided, York County proceeded with its claim for repayment of $7500 per year that Norris had retained out of the realty transfer taxes he collected in his office from 1978 through 1985. Norris counterclaimed for counsel fees in defense of this litigation, a criminal investigation and two penalty assessments by the Department of Revenue.

The trial court determined that the $7500 in commissions for 1978 was paid directly to Norris by the County Controller at the time and was not recoverable. It granted the remaining amounts sought by the County. It also granted Norris counsel fees for defending this litigation, albeit less than the amount requested. Last, the court noted that it had already denied counsel fees on other matters, which included fees sought for defending the criminal investigation and the two penalty assessments.

The entire dispute started in May 1979, when Norris' attorney sent a letter to the then County Controller requesting that Norris receive $7500 in commissions annually. The attorney requested that the 1978 commission be issued by check from the County and that future commissions be retained by Norris from the taxes received.[2]

1. York County filed a letter expressing its general opposition to Norris' reconsideration request but declined to file an answer to it. After we granted the request, the County filed a motion seeking clarification on the scope of our reconsideration so that it could file an appropriate response. Under the circumstances herein, we shall deny that motion.

2. The letter stated:

   A recent court case involving a past Recorder of Deeds has now been finally decided and finalized. As Solicitor for the Recorder of Deeds, it is now apparent from the decision that the Recorder is entitled to a statutory fee of $7,500.00 on commissions collected as Recorder. Authority for this can be found in 16 Purdons, § 1555–2.

   Since Mr. Norris transferred all commission money to the County for collections effected in 1978, I would request on his behalf that the County issue him a check in the amount of $7,500.00 pursuant to law as above cited. A notation reflecting the payment for 1978 is in our opinion appropriate to accurately reflect that year's financial circumstances as it relates to the Recorder.

   I understand you and Mr. Norris have discussed 1979's payment and we see no problem

with deducting the statutory amounts from the commissions received by Mr. Norris and simply reporting to the County what amount has been withheld until the statutory amount is received.

   If you insist, we will follow this procedure to collect the 1978 amount though as indicated, we think that should not be preferable for the reason noted above. In any event, however, if this is what you as Controller wish to occur, I would advise Mr. Norris of that directly.

   In the meantime, if there are any problems, I suggest you may alert either myself or the Recorder as you see necessary.

   It is now admitted by Norris that his attorney's statement in the letter that Norris was entitled to the commissions based upon the holding of a recent case was incorrect. The case referred to would appear to be *Smith v. County of York,* 37 Pa.Cmwlth. 47, 388 A.2d 1149 (1978), *cert. den.,* 441 U.S. 908, 99 S.Ct. 1999, 60 L.Ed.2d 377 (1979), in which we concluded that the York County Recorder of Deeds immediately prior to Norris was entitled to keep up to $7500 per year in commissions because he was a sitting official at the time both the Constitution of Pennsylvania and the County Code changed the way in which county officers were paid; thus, he was not affected by the changes. *Smith* does not stand for

■ In this appeal, Norris argues that the trial court erred in directing a verdict against him because other County officials knew that he was keeping the money and that therefore York County cannot now recover the money from him.

The trial court cited *Lackawanna County's Appeals*, 296 Pa. 271, 145 A. 843 (1929), when it rejected this claim. We agree with the trial court. The Supreme Court said in that case:

> But says the treasurer, I did not conceal the fact that I kept that money, the county commissioners knew I intended to keep it, and later that I had done so. The commissioners deny this, but the court below accepted the treasurer's testimony on the point. This finding, however, does not avail to relieve him of liability for his conduct of which complaint is now made. It cannot be too strongly stated, that "An officer mismanaging funds may not defend by pleading knowledge and approval of his unlawful conduct by other officers, nor his own good faith": 43 Corpus Juris 720. The matter is not one for the treasurer and commissioners alone. The entire body of citizens is interested in the money being obtained and used for public purposes; and this is recognized by the statute which authorizes ten or more taxpayers to appeal from the report of the controller.

*Id.* at 276–277, 145 A. at 844.

■ Norris also argues that the trial court should have applied a two-year statute of limitations under 42 Pa.C.S. § 5524(6) for actions against a county officer and thus should have barred recovery of any payments preceding June 1984, since this suit was instituted on June 3, 1986. In rejecting this argument, the trial court again cited *Lackawanna*. We again agree with the trial court and hold that the statute of limitations does not run until the county officer files a complete report. Particularly appropriate to this analysis is the following passage from *Lackawanna:*

> Here, the treasurer admitted that none of these items appeared in his returns to the

controller, and, when the latter made his reports, he did so from these returns and on the faith of their being correct. The treasurer should have specified in them all the money received, and, if he believed any of it belonged to him, should have claimed credit for its retention. His right thereto could then have been passed on by the controller, and, on appeal from his report, if any was taken.

*Id.* at 278, 145 A. at 845.

Norris never filed a complete report revealing that he was taking his fees out of the money he paid over to the County. For example, an examination of the sample report filed by Norris for the month of March 1984 shows that he collected $3162.66. Nowhere on that report does it appear that he retained $1500, as he admits he did by producing a county treasurer's receipt for only $1662.66. A simple notation on the report showing the $3162.66 by means of an asterisk or otherwise noting that he was retaining $1500 could have alerted the Controller. We cannot conclude that the Controller was under a duty to obtain the information of a withholding by an audit or investigation or that the statute of limitations ran because the Controller did not put the two documents together.

Norris places great emphasis on the case of *In re: 1983 Audit Report of Belcastro*, 528 Pa. 29, 595 A.2d 15 (1991), to relieve him of liability. We have examined that decision carefully and find nothing in it which allows Norris to keep the money. In that case, there were numerous surcharges levied by a controller against officials. Those officials had made payments on certain contracts which were improper, but the controller knew of the payments and it was held that the controller first had to refuse payment before issuing a surcharge. That decision does not involve a situation where those sought to be surcharged retained any money to which they were not entitled. In this case, it is established that Norris has no right to the money he withheld.

the proposition that Recorders of Deeds who took office after enactment of the changes are

entitled to retain commissions.

■ The next question for our determination is one of counsel fees. The private attorney Norris selected to represent him in this action is the same counsel who wrote the original letter in 1979 giving the erroneous opinion that Norris was entitled to $7500 per year in commissions for collecting real estate transfer taxes. He claimed $15,698.79 for attorney fees for defending the County's suit from 1986 through the time of trial.

The trial judge pointed out that Norris was entitled to appoint a solicitor to aid him in his litigation and that such solicitor would be entitled to $1200 per year. Sections 1314 and 1620 of the Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §§ 1314, 1620. The trial judge stated that, in his judgment, $1200 per year for the time Norris' attorney represented Norris was inappropriate since he had not been appointed. The Court noted that in York County the fee for homicide appointments is thirty-five dollars per hour. The trial judge then made the following calculations:

- March 25, 1986 to November 17, 1987: 52.9 Hours at $25 per Hour = $1,322.50
- November 18, 1987 to September 11, 1991: 49.4 Hours at $35 per Hour + $1,729.00
- September 12, 1991 to December 5, 1993: 13.1 Hours at $40 per Hour = $524
- Trial Preparation/Trial Time: 20 Hours at $40 per Hour = $800
- Costs = $1033.79

*York County v. Norris* (No. 86 SV 02144 07, filed February 2, 1994), slip op. at 5. He totalled these calculations at $5409.29. However, he then deducted from this amount $5200, because Norris had already paid that amount to his private counsel, and awarded a total fee of $209.29.

Although the breakdown of fees considered by the judge after trial is not apparent from the record, and although Norris seems to have expected that the fees would be granted or denied in full, it is clear that this case is one in which Norris initially had the right to

appoint a solicitor at a salary of $1200 per year. Under the unusual circumstances of this case, and since the amount of the fees are to be paid by County taxpayers, the trial court had the right, and, indeed, the duty, to determine what would be reasonable and fair. He did this by awarding some fees, but not those charged at the going rate for private attorneys. The court's initial calculation appears reasonable and, considering the fact that neither party challenges the hours and rates used in that calculation, we have no basis to disturb it.

■ However, we cannot see any reason to support the trial judge in his deduction of the $5200 which happened to be paid by Norris. This payment was apparently made out of Norris' own assets and has no relevance to the determination of what the counsel fee should be. Thus, we conclude that the deduction was an abuse of discretion.[3]

■ Last, Norris also claims that the trial court should have granted his request for counsel fees of approximately $16,000 for the successful defense of two personal penalty assessments by the Department of Revenue against him as Recorder of Deeds, as well as his request for a $500 fee for the defense of a criminal investigation allegedly instituted by the County. However, as Norris stated in his counterclaim, the former matter was already the subject of other proceedings, including two decisions by this Court. *See Norris v. Commonwealth,* 159 Pa.Cmwlth. 23, 634 A.2d 673 (1993); *Norris v. Commonwealth,* 155 Pa.Cmwlth. 423, 625 A.2d 179 (1993). Indeed, in the more recent decision, not now mentioned by Norris, we considered his petition for counsel fees and costs against the Department of Revenue and the Board of Finance and Revenue—not the County—in successfully defending the penalty assessments the Department and the Board improperly pursued, and we transferred that petition to the Department for consideration. We agree with the trial court's cogent statement that the fees pertaining to the defense of the penalty assessment should be excluded in this case because they involve "a question

3. Of course, if the $5200 was paid out of County funds, then the deduction would be proper. If that is the case, then the trial court did not abuse its discretion and may take appropriate action on remand.

not between York County and the recorder. That's a question between the state and the recorder." (Transcript of December 6, 1993, p. 4).[4] We therefore will not disturb the court's decision in this respect.

As to the question of the $500 counsel fee for the criminal investigation, it is unclear from the record what this involved, what legal work was connected with this fee or on what basis the court may have rejected it. Accordingly, we will leave this question for further consideration on remand.

We therefore affirm the judgment of $52,-500, vacate the order for counsel fees of $209.29 and remand for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 13th day of September, 1996, the order of the Court of Common Pleas of York County, No. 86 SU 02144 07, dated August 28, 1995, is hereby affirmed in part and vacated in part and the case is remanded to the trial court. The order is vacated as to counsel fees and this case is remanded for further proceedings consistent with the foregoing opinion. The order is affirmed in all other respects. It is further Ordered that the motion for clarification filed by York County is hereby denied.

Jurisdiction relinquished.

---

**4.** We also note that, if Norris desired to avoid   these costs, he could have appointed a solicitor.